### JACKSON *vs.* MORSE.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

Factors must execute their trust with care, and diligence, and reasonable despatch.

They must be prompt in communicating, distinct in their accounts, and punctual in their dealings.

This suit was brought to recover the price of a still, which the plaintiff had caused to be constructed for, and at the request of the defendant. The facts are these :

On the 31st October, 1829, the defendant gave an order to the plaintiff, for one still, head and worm, to be completed as early as possible and shipped to New-Iberia, (Attakapas,) consigned to Jonas Marsh. On the 14th November, the plaintiff wrote : "Your favor of the 31st October, was duly received. I have put your order in hand, with the promise to have it completed in five or six weeks from yesterday, (13th November.) It will be shipped by the first conveyance after finished, &c." From this period, no letter, or advice of any kind, was received from the plaintiff, until the 30th of April, 1830, when the defendant was notified of the shipment of the still to New-Orleans, where it arrived late in May. The defendant having, in the meantime, supplied himself with a still, of which he notified the plaintiff, by letter of the 15th April, declined to receive, or pay for the one, sent by the plaintiff.

There was judgment for the defendant, and the plaintiff appealed.

*Hoffman*, for appellant. *Morse*, for appellee.

*Mathews, J.* delivered the opinion of the court.

This suit is brought by an agent or factor against his constituent or employer, to recover from the latter, the amount of disbursements made and money advanced by the former, in executing an order relative to a still, which he caused to be constructed for, and on account of the defendant, who

refused to receive it, and resists the payment of its price and other charges, on the grounds of negligence on the part of the factor, and imperfections, both in the materials and execution of the work, as performed by the copper-smith, who was employed to execute the order.

The court below, rendered judgment in favor of the defendant, from which the plaintiff appealed.

The decision of the case, depends mainly on the facts disclosed by the evidence, according to their bearing on the law of agency.

The most important are as follows: After some previous correspondence between the parties to this suit, relative to stills and a distillery, which the defendant was about to establish in Attakapas, the latter finally by letter, dated on the 31st of October, 1829, at Elizabethtown, New-Jersey, requested the plaintiff, who alleges himself to be a commission merchant residing in the city of Philadelphia, to procure a still, to be made for him, (the defendant,) of a capacity to contain twelve hundred gallons, together with necessary accessories; to be according to the most modern plan, and faithfully executed, and as soon as finished, to be shipped in one of the plaintiff's vessels, or one equally good, to Jonas Marsh, New-Iberia, (Attakapas) &c. In answer to this letter, the plaintiff wrote from Philadelphia, on the 14th of November, 1829, acknowledging the receipt of the letter of the defendant, of 31st October, and stating, that he had put the orders of the former, in hands, to be executed, under a promise to have them done in five or six weeks, from the 13th of November, &c.; annexed to this letter, is a note from the copper-smith, who had undertaken to do the work, which contains an estimate of its probable cost, amounting to one thousand three hundred and eighty-six dollars, he, however, charged one thousand six hundred and thirty-seven dollars and seventy-five cents for the still, when completed. From this period, until the 30th of April, 1830, the agent made no communication to his principal, in relation to the business he had undertaken to transact for him. At that time, he advised him of the completion of the still and its shipment

to New-Orleans, (instead of Attakapas,) &c., where it arrived late in the month of May, together with bills on the defendant to the amount of costs and charges, which he refused to accept or pay, and also declined receiving the still, on the grounds stated in the first part of this opinion. The testimony renders doubtful the execution of the work according to order, both as to the materials and form of the above still, and perhaps, on that account, improper negligence might be attributed to the agent in receiving it.

But, being clearly of opinion, that there was gross inattention, on his part, towards his constituent, in not giving him earlier information of the completion of the work, which the latter had requested him to attend to; and also, a violation of the express terms of the mandate, in shipping the still to New-Orleans, instead of the place directed by the principal. We deem it unnecessary to give any opinion, in relation to the imperfections of the work, so far as they might affect the agent, although the want of attention to these matters, may have a tendency to corroborate the belief of negligence on his part, throughout the transaction of the whole of this business, confided to his care.

According to the principles and doctrine, contained in Livermore's Treatise on Agency, (which we believe to be as correct and well founded in truth and justice, as those contained in any other work on the same subject,) factors are bound to perform the duties, imposed on them by their situation in relation to employers, with great care and diligence. Amongst other things, they must execute business intrusted to them, with reasonable despatch; they must be prompt in giving intelligence, distinct in their accounts, and punctual in their correspondence. *See Livermore on Agency,* vol. 1, p. 68.

*Factors must execute their trust with care and diligence, and reasonable despatch. They must be prompt in communicating, distinct in their accounts and punctual in their dealings.*

In the present case, the silence of the agent from the 14th of November, 1829, to the 30th of April, 1830, is wholly incompatible with punctuality in correspondence, and the effects of it probably induced the defendant to purchase other stills, by which the execution of his order became wholly useless to him.

According to the general doctrine on the subject of mandates, an agent is not permitted to deviate from the power and instructions given by his principal, so as to bind the latter. This general rule may suffer exceptions, but we do not believe, that the change of destination of the still in the present case, from New-Iberia, to New-Orleans, contrary to the orders of the principal, could be embraced by any exception to the rule. It is true, that necessity may some times justify a factor in acting contrary to his orders. Such necessity did not exist in the present instance, or if it did, it was created in all probability, by the negligence of the agent, in not communicating to his principal, the situation of the business which he had in charge, until so late a period as the 30th of April, 1830; consequently, he cannot avail himself of a necessity arising out of his own wrong.

The impossibility or improbability of a conveyance direct to Attakapas, might have been anticipated by the agent, and he ought to have notified this, at an earlier period, to his constituent. In this view, the bad success of the undertaking may be attributed to the fault of the agent, and the principal ought not to bear the loss or damage, which may be occasioned by it. After waiting four or five months, without any information of the execution of his order, the latter might well have concluded, that it had not been executed, as he seems to have done, by his letter of the 15th of April, 1830.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs.