THOMAS VELTUM and Others v. FRED W. KOEHLER.[1]

December 27, 1901.

Nos. 12,750—(141).

**Repayment to Agent of Expenses Incurred for Principal.**

An agent is bound to discharge the duties of his agency faithfully, to the best interests of his principal, and is entitled to reimbursement for all advances and expenditures made in the course thereof and for the benefit of his principal, when the same have been properly and in good faith paid; but he cannot claim such reimbursement when the advances and expenditures made by him were rendered necessary by his own failure to exercise reasonable care and diligence in the conduct

[1] Reported in 88 N. W. 432.

of the business of the agency. When they are incurred and made neces-
sary by his own neglect, the principal is not liable therefor.

**Negligence of Agent.**

Evidence examined and *held* sufficient to sustain the findings of the
trial court to the effect that the advancement of certain money by the
Watonwan County Abstract Company, through which plaintiffs claim a
right of recovery in this action, as the agent of defendant, and in pay-
ment of an indebtedness arising from a mortgage executed by him,
was rendered necessary by the failure and neglect of such company to
perform faithfully its duty to defendant as his agent, and that the
indebtedness so paid was incurred solely by its failure to discharge
the duties of its agency.

Action in the district court for Watonwan county to recover
$246, and interest, money paid to the use of defendant. The case
was tried before Quinn, J., who found in favor of defendant.
From an order denying a motion for a new trial, plaintiffs ap-
pealed. Affirmed.

*W. S. Hammond,* for appellants.

*Voreis & Mathwig,* for respondent.

BROWN, J.

This action was brought to recover the sum of $246,—money
alleged to have been paid out by the Watonwan County Abstract
Company, a corporation, for the use and benefit of defendant. De-
fendant recovered in the court below, and plaintiffs appealed from
an order denying a new trial.

The facts are as follows: Defendant was the owner of a tract
of land which was incumbered by two mortgages, upon one of
which, owned by one Viesselman, $775 was due, and upon the
other, owned by the Ætna Insurance Company, about the sum of
$1,600. Being desirous of paying off such mortgages, he made
application to the abstract company for a loan of $2,500, and en-
tered into an arrangement with it by which that company agreed
to procure that amount of money for a commission of $125 for its
services, and apply the same to the payment of the mortgages.
The officers of the company made application for a loan through
certain loan agents residing and doing business at Dubuque, Iowa,
and succeeded in effecting the loan for the desired amount, and the

money was thereafter received by the company as defendant's agent. The company received $2,437.50, $62.50 having been retained by the Iowa agents as their commission. From the money so received the abstract company paid and discharged the Viesselman mortgage of $775, but failed and neglected to pay the Ætna mortgage until after the same had been foreclosed and certain costs and expenses incurred. It received the money for that purpose, and, had it made prompt payment of that mortgage at the time it was so received, the costs and expenses of foreclosure would have been avoided. Defendant was informed that the loan had been negotiated, and that the proceeds had been received by the abstract company, but was not informed by any of its officers that the money had not been applied to the payment of the Ætna mortgage until after its foreclosure. When so informed, he called upon the officers of the company and inquired why the mortgage had not been paid. He was told that the matter had been overlooked, but nothing was said to him at that time, or at any other time, that the funds in the hands of the company were insufficient to pay both mortgages. A few days prior to the expiration of the period of redemption the abstract company redeemed from the foreclosure sale in the name of the defendant, and subsequently brought this action to recover the amount paid out by them in effecting such redemption, over and above the amount received from the $2,500 loan.

The trial court found the facts substantially as we have stated them, and, in effect, that the funds in the hands of the abstract company were sufficient to fully pay both mortgages, had payment been made at the time the company received the money, and judgment was ordered for defendant. Plaintiffs in this action were stockholders of the abstract company, and have succeeded to all the rights of that concern.

Two principal questions are presented for our consideration: (1) As to the nature of the relations arising from the agreement between the abstract company and defendant, and the extent of the duty of the company to defendant; and (2) whether the funds in its hands procured from the $2,500 loan were sufficient to pay both mortgages, and, incidental thereto, whether the company was en-

titled to its commission before a full performance of the terms of the agreement. They are purely questions of fact, and require no extended discussion.

The evidence is sufficient to sustain the findings of the trial court to the effect that the abstract company was the agent of defendant not only for the purpose of procuring the loan, but for the purpose of paying and discharging the prior mortgages as well. The company bound itself, in consideration of the commission it was to receive, not only to effect the loan, but to pay and discharge the prior mortgages with the funds thus obtained. It was bound to discharge that duty faithfully, and is clearly not entitled to reimbursement for costs and expenses incurred by a foreclosure caused solely by its neglect in the premises, though paid by it from its own funds to effect redemption therefrom.

It may be stated, as a general rule, that an agent is entitled to reimbursement for all advances and expenditures made in the course of his agency for the benefit of his principal, when the same have been properly and in good faith paid. But he cannot claim such reimbursement when the advances and expenditures were rendered necessary by his own failure to exercise reasonable care and diligence in the performance of the duties of his agency. When they are incurred and made necessary by his own neglect, the principal is not liable therefor. Fisher v. Dynes, 62 Ind. 348; Dodge v. Tileston, 12 Pick. 328; Brown v. Clayton, 12 Ga. 564; Jackson v. Morse, 3 La. *555; Denew v. Daverell, 3 Camp. 451; Mechem, Ag. 652; Maitland v. Martin, 86 Pa. 120.

Had the abstract company performed its duty to defendant, and applied the funds in its hands to the purposes for which it received them, namely, the payment of the Ætna mortgage, the costs and expenses of foreclosure and the subsequently accrued interest on the mortgage debt would have been avoided. Its failure to do so was the sole cause of such foreclosure, and plaintiffs are not entitled to reimbursement. Of course, if the funds in its hands were insufficient for that purpose, it was not required to advance the necessary amount. But even then we are not so clear but that it was its plain duty promptly to inform defendant of the

fact. But we are satisfied from the evidence that the company had ample funds to pay the whole debt.

It is clear that the abstract company was not entitled to payment for its services until it had fully performed the agreement, by paying off and discharging both prior mortgages. At least, the evidence is not such as to require a finding that the company was entitled to its commission immediately upon effecting the loan. It may be that the amount received by it was insufficient to pay both mortgages and its commission. It probably fell short something like $15. But defendant's attention was not called to the fact, nor was he at any time requested to make up the deficiency. The primary object in making the loan was to pay off and discharge the prior mortgages; the abstract company agreed to procure the loan for that purpose, and to pay the same with the funds obtained by it; and the evidence does not show that its commission was to be deducted before applying the proceeds to the purposes for which they were obtained. The company should have used the funds for the purpose of paying and discharging the mortgages, and, if what remained after doing so was insufficient to pay its commission, defendant would be liable therefor. That the funds were amply sufficient, leaving out of consideration the company's commission is not disputed, and they should have been so applied.

Our conclusion, from a careful consideration of the whole record, is that the findings of fact of the trial court are sustained by the evidence; and, finding no reversible error in the record, the order denying a new trial is affirmed.