### HERRMAN v. LELAND.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. APPEAL AND ERROR (§ 927*)—QUESTIONS OF FACT—VERDICT.

On appeal from the dismissal of a complaint after trial by jury, all questions of fact must be resolved most favorably to plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

2. PRINCIPAL AND AGENT (§ 85*)—EXPENSES INCURRED BY AGENT—LIABILITY OF PRINCIPAL.

Where plaintiff, as agent for defendant in the foreclosure of a chattel mortgage on a concrete mixer, did not properly acquire possession thereof before the sale, so that the buyer was entitled to recover back the purchase price, but in the transaction consulted fully with defendant and his attorney, and was advised that the purchaser had no claim, and the agent's own employment of an attorney was afterward ratified by defendant, the agent acted with such reasonable care and prudence as entitled him to recover the costs of defending the purchaser's suit.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 224–228; Dec. Dig. § 85.*]

3. PRINCIPAL AND AGENT (§ 85*) — EXPENSES OF AGENT — PRINCIPAL'S LIABILITY.

Where the principal received and retained money paid after the agent's foreclosure of a chattel mortgage and the sale of property thereunder, with full knowledge of all the facts, including the agent's negligence in not taking possession, entitling the purchaser to recover the money paid but did not return the money when the purchaser first started action, the proximate cause of the expense therein was not the agent's alleged negligence, but his own retention of the property, to which he afterward admitted he was not entitled, and hence, having had the benefit of the transaction, he could not repudiate the agent's claim for expenses therein.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 224–228; Dec. Dig. § 85.*]

Appeal from City Court of New York, Trial Term.

Action by James S. Herrman against Francis L. Leland. From a judgment (80 Misc. Rep. 598, 142 N. Y. Supp. 664) dismissing the complaint, with costs, upon motion of the defendant after a trial by jury, defendant appeals. Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, BIJUR, and PAGE, JJ.

Greene, Hurd & Stowell, of New York City (Richard T. Greene, of New York City, of counsel), for appellant.

Frank B. Colton, of New York City (L. Laflin Kellogg, of New York City, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PAGE, J.   [1] Resolving all questions of fact most favorably to the plaintiff, as we must for the purposes of this appeal, it appears that the defendant employed the plaintiff as his agent for the purpose of assuming in his own name an indebtedness of the Buckley Realty Construction Company to a bank of which the defendant was president, the Buckley Company then being in a precarious financial condition and a doubtful recipient of the bank's credit.   Under this arrangement the bank loaned $80,000 to the plaintiff.   The plaintiff then paid the Buckley Company's indebtedness to the bank, and received notes from the Buckley Company secured by mortgages, including a chattel mortgage upon tools and other equipment then being used by the Buckley Company upon contracts with the United States government at West Point. Thereafter the defendant gave the plaintiff his personal check for $80,-000, which was used by the plaintiff for paying his indebtedness to the bank, leaving the plaintiff the legal holder of the Buckley notes and mortgages as agent for the defendant.   The Buckley notes were defaulted, and the defendant instructed the plaintiff to foreclose the chattel mortgage and sell the equipment.   Among the equipment covered by the mortgage was a concrete mixer used upon the government job at West Point.   Arthur Greenfield, Inc., offered to purchase this machine from the plaintiff for $750, and, after consulting with the defendant and the defendant's attorney, Frank B. Colton, the plaintiff sold the mixer to Greenfield pursuant to instructions received from them, receiving in payment $50 cash and a note for $700.   Both the cash and the note were given to the defendant, Leland.   Thereafter Greenfield wished to give $200 on account of the note and give a new note for $500.   The plaintiff consulted the defendant, and was instructed to accept the $200 cash and a new note.   At this time Greenfield explained to the plaintiff that the United States government would not allow him to remove the mixer from the reservation until the work was completed, and the plaintiff told Greenfield to see Mr. Leland and Mr. Colton, the attorney, about it.   Thereafter Greenfield paid the $200 and gave a new note for $500.   Greenfield had been using the mixer and moving it from place to place on his work at West Point.   The plaintiff himself then took the matter up with the defendant's lawyer, Colton, who said, speaking of Greenfield:

"He has had the concrete mixer; he is using it, isn't he? * * * You don't need to bother further about it, you have completed your end of it."

After this the balance of $750 was paid by Greenfield to the plaintiff and by the plaintiff to the defendant.   This was in the winter of 1908–09.   In 1911 an action was started against the plaintiff, Herrman, by Greenfield to recover the $750 paid by him for the concrete mixer, on the ground that Herrman failed to deliver possession thereof.   Herrman, by his attorneys, at once notified Leland of the action, sending him the pleadings, and called upon him to defend it.   Leland refused to assume the defense, and refused to have anything to do with the matter.   The plaintiff defended the action.   It was tried three times, resulting in mistrials each time, and on the fourth trial the complaint

of Greenfield was dismissed on the ground that there was no contract or agreement upon the part of Herrman to deliver possession. An appeal was taken to the Appellate Term, which reversed the judgment upon the ground that an agreement to deliver possession was implied in the contract, and the action was sent back for a new trial. Before the new trial was completed Greenfield discontinued the action for the reason that after the reversal by the Appellate Term this defendant, Leland, without consulting the defendant, Herrman, repaid to Greenfield the purchase money for the mixer. Thus the question of Herrman's failure to fulfill his contract with Greenfield has never been judicially determined.

[2] This action is brought by Herrman to recover from Leland the cost of defending the suit brought by Greenfield. It is well-settled law that an agent is entitled to reimbursement from his principal for expenses or damages incurred by him as a necessary incident to the proper conduct of his agency, including the cost of defending an action or adjusting a claim. Zimmerman v. Webber, 135 App. Div. 428, 120 N. Y. Supp. 483; Wertheimer v. Talcott, 118 App. Div. 840, 103 N. Y. Supp. 692. The defendant claims, however, that the Greenfield suit was the result of the plaintiff's own negligence in failing to obtain possession of the mixer before selling it to Greenfield, and that the suit did not properly arise out of the plaintiff's agency. The learned trial justice dismissed the complaint upon that ground.

Assuming that the plaintiff did not properly acquire possession of the mixer before selling it to Greenfield, and that Greenfield was entitled to recover back from him the purchase price of the machine, I am unable to agree with the court below that the plaintiff was negligent as a matter of law. The plaintiff was not a lawyer. In the matter of the sale to Greenfield it appears that he consulted fully with the defendant and with the defendant's attorney, and was in effect advised by the said attorney, after the sale had been completed, that he had done all that was legally necessary, and that Greenfield's claim was groundless. The plaintiff himself employed a competent attorney to attend to all the legal matters relating to his agency, and, if not previously authorized, the employment of the said attorney was subsequently ratified and adopted by the defendant by the payment by him of a $2,000 fee for the services rendered. Under these circumstances, I think the plaintiff did all that reasonable care and prudence exacted of an agent, and he was not negligent in following the advice of the defendant's attorney in matters of which he was not supposed personally to have any technical knowledge.

[3] Furthermore, it appears that the defendant was in possession of the money paid by Greenfield, and retained it with full knowledge of all the facts. He could not adopt the benefits of the transaction and repudiate the means whereby they were obtained. Therefore, conceding, for argument sake, that the plaintiff was negligent, the defendant was in that event bound to return to Greenfield the money which he had received for the mixer. Had he done so when the action was first started, all the expenses incurred by the plaintiff would have been

avoided. It would seem therefore that the proximate cause of the damages was not the alleged negligence of the plaintiff, but the conduct of the defendant in retaining property to which he later admits he was not entitled, and which, after four trials and an appeal, he finally did pay.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.