**James METZENBAUM, as Administrator of the Estate of Harvey L. Clawson, deceased, Plaintiff,**

v.

**GOLWYNNE CHEMICALS CORPORATION, Defendant and Third-Party Plaintiff, Mid-States Freight Lines, Inc., Third-Party Defendant.**

United States District Court
S. D. New York.
Feb. 24, 1958.

William A. Blank, Brooklyn, N. Y., for plaintiff.

Harris J. Klein, New York City, William Biederman, Irving Klein, New York City, of counsel, for third party defendant.

McCarthy & McGrath, New York City, Herman J. McCarthy, New York City, of counsel, for third party plaintiff.

SUGARMAN, District Judge.

The third party defendant, Mid-States Freight Lines, Inc., (hereinafter called Mid-States) moves for summary judgment dismissing the third party complaint of the defendant and third party plaintiff, Golwynne Chemicals Corporation, (hereinafter called Golwynne) on various grounds.

Jurisdiction of the actions is based upon diversity of citizenship.[1]

In the main action, plaintiff Metzenbaum, administrator of Clawson (hereinafter called Clawson) alleges in substance that while the decedent, Harvey L. Clawson, "was carrying a drum of * * * magnesium powder or metallic magnesium in [a] truck the said drum suddenly exploded causing said Harvey L. Clawson to suffer devastating injuries * * *" from which he subsequently died as the result of the negligence "of the defendant [Golwynne], its agents, servants and employees, in the manufacture, packaging, processing and shipping of said chemicals * * *"

In its answer to Clawson's action Golwynne denies the allegations of negligence. In its third party complaint, Golwynne alleges that it delivered to Mid-States certain drums of chemicals in Connecticut for carriage from Connecticut to Cleveland, Ohio, and it further alleges facts which notify Mid-States

1. 28 U.S.C.A. § 1332.

that it relies on a theory of liability resting on Mid-States' implied agreement to perform its contract with Golwynne with reasonable care and in default thereof to indemnify Golwynne for resulting damages.

Mid-States' motion assumes that its rights against and its obligations to Golwynne are governed by Ohio law. Such assumption is unwarranted.

■ In this diversity case the district court is "in effect, only another court of the State."[2] Under New York law, indemnity from Mid-States such as is herein sought by Golwynne is a matter of contract, express or implied,[3] and the right to indemnity because of mere passive negligence is generally for the jury.[4]

■ When, as here, there is a conflict question arising out of a claim on contract, New York will apply the "center of gravity" or "grouping of contacts" theory of the conflict of laws.[5] What place "has the most significant contacts with the matter in dispute"[6] should be decided on a trial when the relations between Golwynne and Mid-States will be thoroughly explored.[7]

■ Inasmuch as a New York court might, under the facts learned at the trial, apply the law of New York in determining whether Golwynne is entitled to indemnity from Mid-States because of their contractual relations, a summary judgment cannot now be granted on movant's assumption that Ohio law applies.

■ Despite Mid-States' assertion that its compliance with Ohio workmen's compensation requirements absolves it, the third party complaint states a claim

upon which relief can be granted.[8] In the light of the allegation of the complaint that Golwynne's negligence was attributable to its method of "shipping of said chemicals," thereby not limiting Clawson's injury and death solely to the negligence of Golwynne in the manner in which it packaged the chemicals, issues of fact are present which can be resolved only at a trial.

The motion is denied. It is so ordered

2. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079.

3. Tipaldi v. Riverside Memorial Chapel, 273 App.Div. 414, 418, 78 N.Y.S.2d 12, 17, affirmed 298 N.Y. 686, 82 N.E.2d 585.

4. McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 328, 107 N.E.2d 463.

5. Auten v. Auten, 308 N.Y. 155, 160, 124 N.E.2d 99, 101, 50 A.L.R.2d 246.

6. *I. e., Golwynne's right to indemnity* not, as movant contends, *the injury to Clawson.*

7. Collins v. American Automobile Insurance Company, 2 Cir., 1956, 230 F.2d 416, 419, 420.

8. Burris v. American Chicle Co., 2 Cir., 1941, 120 F.2d 218.