64 N.J. Super. 580 (1960)
166 A.2d 784
MARY HAGEN, EXECUTRIX UNDER THE LAST WILL AND TESTAMENT OF KENNETH C. HAGEN, DECEASED, PLAINTIFF,
v.
BERNARD R. KOERNER, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLANT,
v.
WILLIAM F. HEGARTY, INC., A CORPORATION OF NEW JERSEY, THIRD-PARTY DEFENDANT, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1960.
Decided December 27, 1960.
*581 Before Judges CONFORD, FREUND and KILKENNY.
*582 Mr. Lester Sandles argued the cause for appellant (Messrs. Sandles & Sandles, attorneys).
Mr. Thomas E. Durkin, Jr. argued the cause for respondent (Mr. Gregory J. Castano, on the brief).
The opinion of the court was delivered by KILKENNY, J.A.D.
Plaintiff, as executrix of the estate of her late husband, Kenneth C. Hagen, sued the defendant, Bernard R. Koerner, and nine other defendants, in negligence for the wrongful death of her husband. The decedent died on November 17, 1958, at Westwood, New Jersey, while working for William F. Hegarty, Inc., by whom the defendant Koerner was also employed at the time and place of the fatal accident. Hagen allegedly died as a result of a charge of electricity emanating from high tension wires during the course of his employment. This action in the Superior Court, Law Division, has not yet been tried.
Pursuant to leave granted by court order of January 22, 1960, Koerner filed and served a third-party complaint against his employer, William F. Hegarty, Inc. In this pleading Koerner denies that he was negligent in any manner whatsoever. He then claims that, should it be determined that he is liable to the plaintiff executrix by reason of the fact that he was acting as an employee for and in behalf of William F. Hegarty, Inc. "pursuant to specific instructions by servants and agents of the said William F. Hegarty, Inc., and in obedience to said instructions and directions," he is entitled to be indemnified from all such liability by his said employer.
The third-party defendant, William F. Hegarty, Inc., moved without affidavits or other proofs, for entry of a judgment dismissing the third-party complaint, as upon a motion for judgment on the pleadings, pursuant to R.R. 4:12-3. It relied upon the law as stated in Farren v. New Jersey Turnpike Authority, 31 N.J. Super. 356 (App. Div. 1954). On May 9, 1960 the trial court ordered the *583 third-party complaint dismissed with prejudice. Koerner appeals from that order of dismissal.
In its opinion the trial court properly noted that the action was brought for damages for negligence against the named defendants; and that the plaintiff could not bring a negligence action against decedent's employer, William F. Hegarty, Inc., directly. The trial court also stated:
"Under the Workmen's Compensation Act the only liability of Hegarty is for the payment of the benefits specified in that act." (Emphasis supplied)
That statement is true under New Jersey law, so far as the injured employee is concerned. But the exclusiveness of the workmen's compensation remedy in actions brought on behalf of the injured employee does not preclude others from bringing a common law action against the employer on proper grounds. See Cafone v. Spiniello Construction Co., 42 N.J. Super. 590 (App. Div. 1956); Cozzi v. Owens Corning Fiber Glass Corp., 59 N.J. Super. 570 (Cty. D. Ct. 1960), affirmed 63 N.J. Super. 117 (App. Div. 1960); Metzenbaum v. Golwynne Chemicals Corp., 159 F. Supp. 648 (D.C.S.D.N.Y. 1958).
In 101 C.J.S. Workmen's Compensation § 982(a), p. 454, the principle is set forth as follows:
"Generally, the provisions of the Workmen's Compensation Act, which makes the remedies under the act exclusive, apply to third persons suing in the employee's right, but not to those suing in their own right. Rights to death benefits other than those provided by the compensation act may or may not be affected.
Provisions of Workmen's Compensation Acts which make the payment of compensation the exclusive remedies, except for other remedies expressly provided, may apply to any person suing in the employee's rights; but not to a person suing in his own right, at least where the right arises from the breach of an independent duty of the employer to the person suing." (Emphasis supplied)
The rule of Farren v. New Jersey Turnpike Authority, supra, relied upon by the third-party defendant, provides that when an injured employee sues a third person as tortfeasor *584 to recover damages, that defendant may not join the employer as a third-party defendant, in order to obtain contribution from him as a joint tortfeasor, even though the employer's negligence was the sole or concurring cause of plaintiff's injuries. The rationale of that decision is that the employer cannot be a joint tortfeasor as to his own employee, within the meaning of N.J.S. 2A:53A-1, because he is not "liable in tort" to his employee. His liability is rather to pay workmen's compensation benefits when the injury results from an accident arising out of and during the course of the employment. The Farren case is inapplicable here because the third-party complaint seeks indemnification by reason of the agency relationship of the parties, and does not seek contribution as against a joint tortfeasor.
It is well established that an employer may be made to respond indirectly for the damages recoverable by the injured employee, beyond his workmen's compensation liability, on principles of express or implied indemnification. Thus, in Cozzi v. Owens Corning Fiber Glass Corp., supra, the employer was held liable under a broad indemnity contract provision to indemnify the defendant for the damages payable by the defendant to the injured employee, even though the accident was due to the sole negligence of the defendant indemnitee.
The trial court in this case reasoned as shown by its opinion, that Koerner's third-party complaint against his employer, claiming indemnification for any damages Koerner might be required to pay to the plaintiff executrix, "amounts to an indirect negligence action against Hegarty." In its ultimate result, that may be true. But Koerner's third-party action is grounded on an asserted obligation of indemnification, which springs from his relationship as an agent of William F. Hegarty, Inc. If the employer can be held liable for damages recoverable by his employee from a third-person tortfeasor, where he has made himself liable by his contract of indemnity with that third-person tortfeasor, *585 there is no logical reason why the employer cannot be made to answer to his employee, beyond his workmen's compensation liability, for the damages assessed against the employee by a third person, when an implied agreement to indemnify the employee therefor arises by operation of law. As indicated hereafter, such obligation of indemnification exists in a proper case.
The trial court correctly observed that "if he [Koerner] was not negligent, that is the end of the case insofar as he is concerned." But then it stated the other alternative: "If he is guilty of negligence, he cannot have indemnity for that under the cases and authorities." While we deem the latter statement generally correct, it is subject to an exception hereinafter noted. True, there is a general rule in the law of agency that an employer cannot be compelled to reimburse an employee for damages the employee may be obliged to pay because of personal injuries to others resulting from his own negligent conduct. Brady v. Roosevelt S.S. Co., 128 F.2d 169 (2 Cir. 1942), remanded 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471 (1942), rehearing denied 318 U.S. 799, 63 S.Ct. 659, 87 L.Ed. 1163 (1943), certiorari denied 319 U.S. 763, 63 S.Ct. 1320, 87 L.Ed. 1714 (1943); Herman v. Leland, 84 Misc. 82, 145 N.Y.S. 972 (App. T. 1914); Veltum v. Koehler, 85 Minn. 125, 88 N.W. 432 (Sup. Ct. 1901).
The Restatement of the Law, 2 Agency 2d, § 440, p. 335 (1958), states the general rule in these words:
"The principal has no duty to indemnify the agent for a loss caused solely by the agent's negligence, whether or not the negligence constitutes a breach of duty to the principal." (Emphasis supplied)
In the Veltum case, supra, at 88 N.W. 433, the same principle is phrased as follows:
"It may be stated, as a general rule, that an agent is entitled to reimbursement for all advances and expenditures made in the course of his agency for the benefit of his principal, when the same have *586 been properly and in good faith paid. But he cannot claim such reimbursement when the advances and expenditures were rendered necessary by his own failure to exercise reasonable care and diligence in the performance of the duties of his agency. When they are incurred and made necessary by his own neglect, the principal is not liable therefor." (Emphasis supplied)
Despite the general rule stated above, that an employee is not entitled to reimbursement from the employer when his own negligence or wrongful conduct caused the damage for which he was sued, an exception is noted in cases where the employee is compelled to pay for doing something in good faith, without knowledge of its tortious character, and not illegal, which he was ordered and directed to do by his employer. While neither side points to any New Jersey cases specifically so holding, the third-party plaintiff refers to the following authorities as justification for that legal conclusion. In 39 C.J., Master and Servant, § 1516, p. 1315, the exception is stated in these words:
"Indemnity to Servant. It is well settled that there can be no indemnity among joint wrong-doers. It would seem however, that if the servant is compelled to pay damages for injuries to a third person not caused by his negligence or willful and wrongful act except as directed by his master, he may recover over from his employer. An agreement by the master to indemnify the servant against liability for his act may be valid, where the object is apparently in the furtherance of justice, and in the exercise of a right, and the means are not in themselves criminal, and not known by the servant to be wrongful." (Emphasis supplied)
Also in 2 Am. Jur., Agency, § 294, pp. 231-232, we read:
"As a general rule, where an agent is employed or directed by another to do an act in his behalf, the law implies a promise of indemnity by the principal for damages resulting to the agent proximately from the execution of the agency * * *.
* * * Furthermore, although an agent cannot claim reimbursement for losses or liabilities incurred through his own fraud or negligence, if he acts in good faith for his principal under the latter's direction, relying upon the principal's representations as to the legal propriety of the act to be done, though in fact such act by the agent constitutes a tort, the law requires indemnity from the principal to the agent, for damages of third persons, and if, as the result of *587 the acts so performed, the agent is mulcted in damages, the principal must respond to the agent therefor, as well as for the necessary expenses incurred in resisting the claims of third persons who were injured in the transaction." (Emphasis supplied)
See, too, Restatement of the Law, 2 Agency 2d, § 439, p. 329 (1958) providing:
"Unless otherwise agreed, a principal is subject to a duty to exonerate an agent who is not barred by the illegality of his conduct to indemnify him for

* * * * * * * *
(c) payments of damages to third persons which he is required to make on account of the authorized performance of an act which constitutes a tort or a breach of contract; * * *."
The Restatement sets forth this comment on clause (c):
"If, however, the agent, at the direction of the principal, commits an act which constitutes a tort but which the agent believes not to be tortious, he is entitled to indemnity to the amount which he is required to pay as damages."
The example is given of an agent who takes possession of land or chattels at the direction of his principal, and it is stated that indemnity is due the agent, even though the principal reasonably believes that he is entitled to possession and the agent innocently obeys orders in taking possession and is made liable for trespass or conversion to the one entitled to possession.
At this posture of the present case, without any factual record before the court, it cannot be determined whether Koerner's conduct, if any, was of the character for which there is no right of indemnity under the general rule, or within the exception to the rule noted above. We are completely without any details as to the asserted negligence of Koerner. The third-party complaint pleads a cause of action for indemnification within the exception and should not have been dismissed with prejudice before trial merely on a motion for judgment on the pleadings.
*588 We recognize the legislative policy to extend to employers immunity to common law liability for injuries sustained by their employees. In many states the immunity is extended not only to the employer, but also to fellow employees. In those states, the problem involved herein could not arise. In other states, including New Jersey, the co-employee is not immunized and may be sued at law for negligence. Evans v. Rohrbach, 35 N.J. Super. 260 (App. Div. 1955), certif. den. Evans v. Matthews, 19 N.J. 362 (1955); Churchill v. Stephens, 91 N.J.L. 195 (E. & A. 1917); Larson, Workmen's Compensation Law, § 72.10, p. 171.
Where the injuries to an employee are caused by the co-employee's own neglect, the latter is in the same position of responsibility as any "third person" against whom the injured employee may proceed in tort in addition to pursuing his workmen's compensation remedy. In such a case, the co-employee is not entitled to be indemnified by the employer for his own sole fault. But where the co-employee is held liable in negligence to a fellow employee, for doing in good faith what he was specifically instructed to do by the employer, it would work a grave injustice to require that co-employee to pay the damages out of his own pocket. This is particularly so when we realize that to the extent the injured employee recovers from some third person, the employer is relieved pro tanto of his obligation to make workmen's compensation payments, since he becomes subrogated to that extent in any recovery by the injured employee against third persons. N.J.S.A. 34:15-40. More unjustifiable than extending the employer's liability, by express or implied agreement to indemnify, beyond his responsibility under the Workmen's Compensation Law, would be the anomalous result of requiring the co-employee to shoulder the employer's obligation because he was obedient to his employer's instructions.
It is our opinion that the order dismissing with prejudice the third-party complaint of Koerner against William F. Hegarty, Inc. should be reversed and the pleading should *589 be reinstated, subject to such further proceedings not inconsistent herewith as the proofs hereafter established may warrant.