[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
Mr. McGahee, the original plaintiff in this case was an employee of the intervening plaintiff American Eagle. McGahee was directing traffic at American Eagle's truck stop when he was hit by a trailer truck owned by one defendant Safeway and operated by another, Kevin May.
American Eagle intervened in its employee McGahee's lawsuit against the truck driver and the owner of his truck to recover from the defendant's workers compensation benefits it had paid to him. The defendant driver and trucking company filed a special defense alleging that the plaintiff's accident and injury was caused by a breach of duty owned by the intervening plaintiff's employer to the defendants in that the employer failed to provide safe conditions for business invitees, thus proximately causing the accident.
Now before the court is the motion to strike of both plaintiff McGahee and his intervening employer.
As a general rule of law, a defendant cannot raise the negligence of the plaintiff's employer in an intervening complaint where the intervening complaint is based solely on the right of an employer pursuant to § 31-293 to recover worker's compensation benefits paid. Durniak v. August Winter Sons,222 Conn. 775, 782 (1992). However, Durniak suggested that such a defense might be proper in an action like this, if it "alleged not merely the negligence of the employer but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer, supra 222 Conn. 772, 782. The defendants seek to fall within the exception suggested in the Durniak dicta. Most favorably construed, the amended second special defense asserts that the CT Page 2708 intervening plaintiff employer breached a duty of care to the defendants who were themselves business invitees at the truck stop in causing the accident by virtue of its unsafe premises which in turn caused the employee plaintiff to sue the defendants — causing them legal detriment and hence barring or reducing the intervening plaintiff's recovery. "[A]llegations that are based solely upon the active or primary negligence" versus the "passive or secondary negligence" principles ofKaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 415
(1965) are simply inadequate to establish the independent relationship that would obviate the operation of the exclusive remedy doctrine in [the employer's] favor. Something more than active-passive negligence is alleged here, however. The defendants both allege they were in the position of being business invitees to whom the intervening employer as operator of the truck stop premises owed a duty. Whether there is such an independent relationship existing here which might bar or diminish the employer's recovery is something that cannot be ruled out at this juncture as a matter of law determined without evidence.
The motions to strike are denied.
FLYNN, J.