[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON INTERVENING EMPLOYER'S MOTION TO STRIKE
On September 24, 1992 the plaintiff was employed by Bruce Daly Mechanical Contractors, the company, at a construction site. The defendant was a co-employee at the site and was operating a vehicle owned by the company when, as the plaintiff alleges in his complaint, he negligently and carelessly collided with the plaintiff causing him injury and loss. The accident occurred during the course of the plaintiff's employment so that the company paid workers' compensation benefits to and on behalf of the plaintiff. On January 20, 1994 the plaintiff brought a negligence action against the co-employee and the company's motion to intervene pursuant to § 31-293 of the general statutes was granted so that it could recover all benefits paid or to be paid to the plaintiff.
The defendant co-employee in its answer to the employer company's intervening complaint made a counterclaim against the company which makes a claim that the employer company was the proximate cause of the plaintiff employee's injuries and seeks monetary damages and indemnification from any judgment that may be rendered in the plaintiff's favor against the defendant. The defendant's counterclaim alleges the brakes of the vehicle which collided with the plaintiff were not properly maintained by the company, the company knew the brakes were in this condition yet let its employees operate the vehicle and in fact required them to do so, the company failed to warn the defendant that the brakes of the vehicle were not in good working order and failed to remove the vehicle or its keys from the work site although the company knew of the condition of the brakes.
The company has now filed a motion to strike the defendant's counterclaim. A motion to strike may be used to attack the legal sufficiency of a pleading including of course a complaint, IveyBarnum O'Mara v. Indian Harbor Properties, 190 Conn. 528, 530 n. 2 (1983) but the facts alleged in the complaint are to be construed in the most favorable way for the plaintiff, Amodio v. Cunningham,182 Conn. 80 (1980).
The policy behind workers' compensation acts require that "once an employer is liable for workers' compensation payments, it cannot become liable further in tort in connection with the same injury", Seaboard Coastline Rv v. Maverick Materials,305 S.E.2d 810, 811 (GA, 1983), Carsly v. KLB Equipment Co. Inc.,467 So.2d 1266, 1267 (LA, 1985). The exclusive remedy provisions of these acts, if they are to accomplish the purpose for which they were intended, are held to deny indemnification when a defendant seeks CT Page 567 such a remedy against a contributory negligent employer of the plaintiff employee, Ferryman v. Groton, 212 Conn. 138, 144 (1989). Thus if the defendant's claims here can be said to be based solely on an active/passive theory of liability the operation of the exclusive remedy provision of the act is not obviated, Id. p. 145.Ferryman adopted, however the following general rule as a modification to these broad statements: "But if the employer can be said to have breached an independent duty toward the third party (here the defendant co-employee), or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed," Id. pp. 144-45, quoting from LarsonsWorkmen's Compensation Law, Vol. 2B, § 76, page 14-644, also seeFarm Bureau Mutual Auto Ins. Co. v. Kohn Bros. Tobacco Co.,141 Conn. 539 (1941), Stevens v. Polinsky, 32 Conn. Sup. 96 (1974),Carniero v. Alfred B. King Co., 32 Conn. Sup. 210 (1975), Ranta v.Bethlehem Steel Corp., 287 F. Sup. 111 (D.C. Conn. 1968).
The defendant company seeks to foreclose the discussion as to whether there was an independent relationship between the defendant co-employee and the company by reference to the case of Durniak v.August Winter Sons, Inc., 222 Conn. 775 (1992). In that case the plaintiff's decedent suffered fatal injuries when he fell through a hole in the floor at a construction site. The plaintiff had been employed by the C.R. Meyer Corporation as a carpenter. An employee of another contractor allegedly cut the hole in the floor and the plaintiff sued that contractor, August Winter Sons. The Meyer company intervened to recover for benefits it was obliged to pay and to the intervening complaint the defendant filed a special defense alleging that whatever injuries the plaintiff's decedent might have suffered resulted from the employer's negligence. The employer filed a motion to strike in the District Court and that court certified the matter to our Supreme Court. Our court certified that the special defense should not be allowed. Durniak
does not involve the specific issue before the court and that is evident when the basis of its ruling is examined; in fact Durniak
reverts the question now before this court to the necessity of conducting a Ferryman analysis. Thus at page 782 the Durniak court said its conclusion comported with a number of decisions in other states and trial court opinions in our state. It based its reasoning on a partial quotation from Larson where that commentator noted the employee can't be met with a defense that his own employer's negligence contributed to the injury. The full quotation from Larson at Vol. 213 § 75.22 at pp. 14-577 — 14-582 must be examined: CT Page 568
 "Here again the decisions have been dominated by the concept of the third party action as the employee's cause of action. Consequently it is generally held that the employee cannot be met with a defense that his own employer's negligence contributed to the injury.
 Conceptually the majority rule seems self-evident. What is bothersome is the practical result that the negligent employer profits from the suit by getting reimbursement of his compensation expenditures.
 The usual approach to this dilemma is that discussed in the next main section, which considers whether the third party should be allowed indemnity or contribution from the employer in such a situation."
The "next main section" of Larson is § 76, pp. 14-644 et seq. where Larson examines the rule previously discussed and accepted byFerryman that recovery by a defendant against a contributorily negligent employer is allowed where the employer is found to have breached an independent duty toward the defendant or there is a basis for finding an implied promise of indemnity.
So the question still remains under Ferryman whether from the face of this pleading an implied or independent duty to indemnify is alleged. In this regard it must be kept in mind that this is a motion to strike which means that facts must be construed in a way that is most favorable to the plaintiff and that includes the recognition of legal theories that can be deduced from those facts.
Larson at § 76.53 of Vol. 2B of his treatise notes that New Jersey has reached a conclusion similar to that in bailment cases when the special relationship between the defendant co-employee and the employer company is recognized as one of principle to agent. Under ordinary agency law such a relationship entails the implied obligation of the principal to indemnify the agent (here the defendant) for losses or liabilities incurred in the carrying out of the agency, Hagen v. Koerner, 166 A.2d 784 (NJ, 1960). The court points to the general rule set forth in Restatement 2d Agency at § 440(a), section (b): "The principal has no duty to indemnify the agent for a loss caused solely by the agent's negligence whether or not the negligence constitutes a breach of CT Page 569 duty to the principal." But the court then notes that despite the general rule an "exception is noted in cases where the employee is compelled to pay for doing something in good faith, without knowledge of its tortious character, and not illegal, which he (sic) was ordered and directed to do by his (sic) employer". The court also refers to comment (c) of § 439 of the Restatement.
 If, however, the agent at the direction of the principal, commits an act which constitutes a tort but which the agent believes not to be tortious, he (sic) is entitled to indemnity to the amount which he (sic) is required to pay as damages.
The counterclaim here can be read as asserting such an implied promise of indemnity arising out of the principle — agency relationship between the defendant and the defendant company which is the common employer of both plaintiff and defendant. UnderFerryman then the employer can be said to have an independent duty to the co-employee defendant. The duty arises out of the nature of the pre-existing principle-agent relationship of these parties and is not a subterfuge to avoid the workers' compensation act since this doctrine as set forth in the Restatement long predated acts such as these. The reasoning of the Hagen court is persuasive:
 Where the injuries to an employee are caused by the co-employee's own neglect, the latter is in the same position of responsibility as any "third person" against whom the injured employee may proceed in tort in addition to pursuing his workmen's compensation remedy. In such a case, the co-employee is not entitled to be indemnified by the employer for his own sole fault. But where the co-employee is held liable in negligence to a fellow employee, for doing in good faith what he was specifically instructed to do by the employer, it would work a grave injustice to require that co-employee to pay the damages out of his own pocket. This is particularly so when we realize that to the extent the injured employee recovers from some third person, the employer is relieved pro tanto of his obligation to make workmen's compensation payments, since he becomes subrogated to that CT Page 570 extent in any recovery by the injured employee against third person. N.J.S.A. 34:15-40. More unjustifiable than extending the employer's liability, by express or implied agreement to indemnify, beyond his responsibility under the Workmen's Compensation Law, would be the anomalous result of requiring the co-employee to shoulder the employer's obligation because he was obedient to his employer's instructions.
 166 A.2d at p. 788.
This is not to say that the defendant here will have an easy time at trial or even in opposing a motion for summary judgment since I read Hagen and the Restatement as saying that if the defendant co-employee's negligence proximately contributed to the plaintiff's injuries and losses then no implied duty to indemnify would exist. In other words did he know the brakes on the vehicle were defective? Apart from the condition of the brakes did the defendant's negligent operation contribute to the accident etc.? But given the fact that at this point I must construe the pleadings in the manner which is most favorable to the plaintiff and because like the Hagen court noted I have no factual record before me, Id. p. 784, I can't conclude as a matter of law that this indemnity claim should be stricken.
Thomas Corradino, Judge