[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (hereafter "Murphy"), instituted this action against Memry Corporation ("Memry"), for injuries he sustained while employed by Memry. Murphy had been hired by Olsten Staffing Services (hereafter "Olsten"), a temporary employment agency, and was assigned to work for Memry in September, 1994. He was in the process of moving containers filled with chemical liquid at Memry's plant when some of the liquid splashed out of its container, severely burning him.
Olsten was granted permission to intervene as co-plaintiff pursuant to Sec. 31-293a of the General Statutes seeking reimbursement for workers' compensation benefits it has paid as a result of the accident. Memry has raised two special defenses to the intervening complaint, alleging contributory negligence on the part of Murphy and Olsten, respectively. Its allegation of contributory negligence against Olsten is based on Olsten's "fail[ure] to properly train its employee, John Murphy, despite having made assurances to the defendant to do so. . . . The assurances made to the defendant gave rise to an implied duty of indemnification and an independent legal relationship between the intervening plaintiff and the defendant." Memry also asserted that Olsten had exclusive control over Murphy's training. Memry has also filed two counterclaims against Olsten alleging that it is entitled to indemnification from Olsten for any award to which Murphy may be found to be entitled. The first count of the counterclaim sounds in an "implied duty [of Olsten] to indemnify" Memry and the second count sounds in breach of an "implied CT Page 9540 contract to indemnify."
Olsten has filed a motion to strike Memry's special defense of contributory negligence on the part of Olsten on the ground that contributory negligence may not be raised as a special defense to an employer's indemnification claim. Olsten argues that since the employer's right to reimbursement from a third party tortfeasor for worker's compensation benefits paid to an employee is a statutory claim, the principles of contributory negligence are not applicable. In support of this contention, Olsten relies on Durniak v. August Winter Sons, Inc., 222 Conn. 775. Memry has not opposed this motion.
Olsten, in addition, has filed a motion to strike both counterclaims, arguing that the claims are barred by the exclusivity provisions of the Workers' Compensation Act contained in Sec. 31-284. It points out that Memry does not claim that it is entitled to indemnification due to an express contractual provision or operation of law, and argues that Memry's claim that there is an implied duty to indemnify is not legally cognizable. It relies on Therrien v. Safeguard Manufacturing Co., 180 Conn. 91; and Ferryman v. Groton, 212 Conn. 138, in support of its position.
Memry has responded that it has alleged the existence of an independent legal relationship in that Olsten, as a temporary employment agency, made specific representations to the defendant that it would train its employees for the defendant. It continues by asserting that this legal relationship gives rise to a duty to indemnify since this independent legal relationship springs from the contractual relationship between the employer and the defendant.
"A motion to strike is the proper procedural vehicle to challenge the legal sufficiency of any special defense." GatewayBank v. Herman, Superior Court, judicial district of Danbury, Docket No. 315947 (May 15, 1995, Stodolink, J.); Practice Book, Sec. 152(5). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman 221 Conn. 465, 472-73; Bennett v.Automobile Insurance Co. of Hartford, 230 Conn. 795, 802; Practice Book, Sec. 164.
"The motion to strike . . . admits all facts well pleaded." CT Page 9541Ferryman v. Groton, 212 Conn. 138, 142. On a motion to strike, "[t]he trial court . . . [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536.
The Supreme Court in Durniak v. August Winter Sons, Inc.,
supra, 778 n. 3, held that it is improper for a defendant "to raise the negligence of the plaintiff's employer as a special defense in answer to the intervening complaint of the plaintiff's employer in a case where the intervening complaint is based solely upon the statutory rights accorded the plaintiff's employer" under Sec. 31-293 of the General Statutes. In reaching that decision, the court reasoned that "[b]ecause an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293
(a) . . . the employer's claim does not fall within the compass of § 52-572h [the comparative negligence statute]." (Citations omitted.) Durniak v. August Winter Sons, Inc., supra, 782.
However, in a footnote (footnote 5), the court remarked that a different result might follow if the special defense alleged not merely the negligence of the employer, but included some other basis for liability such as the existence of an independent relationship between the defendant and the employer. Based on this comment, several Superior Courts have concluded that where the defendant-tortfeasor has alleged the existence of an independent relationship between it and the employer, the special defense of comparative negligence can be raised. See, e.g.,McGahee v. Safeway Moving, 14 Conn. L. Rptr. 349 (March 20, 1995, Flynn, J.); Boland v. Conn. Resources Recovery Authority,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296290 (May 11, 1995, Hauser, J.).
Olsten's motion to strike Memry's special defense of contributory negligence is therefore denied as that defense fits into the exception referred to by the court in Durniak. In fact, this court addressed the propriety of asserting the special defense of contributory negligence against an employer-intervenor in an action by an injured employee against a third party tortfeasor in Caron v. Connecticut Light Power, Superior Court, judicial district of Danbury, Docket No. 320834 (May 10, 1996, Moraghan, J.). The same analysis applies in this case. CT Page 9542
Memry has alleged, and for purposes of this motion, the court must take those allegations to be true; Connecticut National Bankv. Douglas, supra; that Olsten was in exclusive control over Murphy's training. Memry also claims that Olsten represented to Memry that it would properly train its employees, and that this representation gave rise to an independent legal duty to indemnify. This is the kind of "independent relationship between the defendant and the employer" that the Durniak court contemplated. Accordingly, the motion to strike Memry's special defense is denied.
"A motion to strike may also be employed to challenge the legal sufficiency of a counterclaim." American Bank v. Mango,
Superior Court, judicial district of Waterbury, Docket No. 126053 (January 16, 1996, Pellegrino, J.), citing Emlee EquipmentLeasing Corporation v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,578. See also Practice Book, Sec. 152. Olsten argues that the Supreme Court's decision in Ferryman supports its contention that no claim may be brought by a defendant tortfeasor against an injured plaintiff's employer if it merely alleges an active/passive negligence relationship between the tortfeasor and the employer. The court in Ferryman held that if the tortfeasor's claim were based in active/passive negligence, it would be barred by the exclusivity provisions of the Workers' Compensation Law, General Statutes, Sec. 31-284. Ferryman v. Groton, supra, 144. However, the Ferryman court also recognized that if the tortfeasor alleged the existence of an independent legal relationship giving rise to a duty to indemnify, such a claim would survive a motion to strike. Numerous Superior Courts have recognized the distinction between pleading active/passive negligence and pleading the existence of an independent legal relationship giving rise to a duty to indemnify. See, e.g.,DeMonte v. Rutkowski, 16 Conn. L. Rptr. 70 (January 25, 1996, Corradino, J.) (finding an allegation of an independent legal relationship sufficient to withstand a motion to strike);Schweighoffer v. Pesavento, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 315844 (January 29, 1996, Hauser, J.) (reaching the opposite conclusion, but applyingFerryman analysis).
Olsten's motion to strike Memry's counterclaims is denied since Memry has indeed pleaded a prima facie claim that it is entitled to indemnification based on the contractual relationship between it and Olsten, i.e., that Olsten would provide Memry with CT Page 9543 properly trained employees.
Accordingly, the motions to strike are denied as to (1) the special defenses; and (2) as to the counterclaims.
Moraghan, J.