[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint alleges that one or more of the defendants Sabini contracted with G P Air Conditioning Company (G P) to perform repairs to the heating and ventilation system of a building owned by Sabini Realty Company. While working on the roof for G P, the plaintiff fell through a skylight on which he was leaning while reaching for some tools. Since his only recourse against his employer was under the Worker's Compensation Act; General Statutes § 31-284(a);[1] he brought this civil action against the defendants Sabini and Sabini Realty Company. G P intervened to recover the worker's compensation payments made to the plaintiff. The defendants, armed with Ferryman v. Groton,212 Conn. 138 (1989), counterclaimed against G P seeking indemnification.
In view of the broad allegations of the counterclaim including the allegation that the "intervening plaintiffs were in complete possession and control of their work site at the premises where plaintiff's injury allegedly occurred", the court, bound by the settled standard by which to construe such allegations on a motion to strike, must deny the motion based onFerryman v. Groton, supra.[2] The defendants' claims must await summary judgment procedure when the court, with the benefit of "such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like"; Practice Book § 380; may recognize the reality of the case. See S.E.C. v.Research Automation Corp., 585 F.2d 31, 34 (2d Cir. 1978);DiMauro v. Pavia, 492 F. Sup. 1051, 1059 (D.Conn. 1979) (Newman,J.), affirmed, 614 F.2d 1286 (2d Cir. 1979); see also DeMonte v.Rutkowski, Superior Court, Judicial District of Hartford at Hartford, No. 538055 (1996 Ct. Sup. 565, 16 Conn.L.Rptr. 70) (Jan. 25, 1996) (final paragraph).[3]
CT Page 7215
The motion to strike is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court