EDWIN J. CHURCHILL, RESPONDENT, v. WILLIAM B. STEPHENS, APPELLANT.

Submitted July 9, 1917—Decided November 19, 1917.

The Workmen's Compensation act does not deprive an employe of his right of action for negligence against a fellow employe, a fellow employe coming within the meaning of the term "third person" as expressed in the act as amended. *Pamph. L.* 1913, *p.* 312.

On appeal from the Supreme Court.

For the respondent, *John D. Pierson.*

For the appellant, *Horace Allen* and *J. Raymond Tiffany.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff was employed in the shop of the Tietje & Lange Dry Dock Company. The defendant was foreman or superintendent of the shop. There was uncontradicted evidence from which a jury might infer that if the plaintiff did not do what the defendant told him, he would be discharged. The accident happened while the plaintiff was assisting about a rudder. He had come to this work from his own particular job at the request of one Thompson and in accordance with the custom of the shop; Stephens was absent at the time. The rudder was held by "strong arms" called V strong arms. These had been adjusted by Stephens whose duty it was to select and fix the rigging as the strong arms are also called. While plaintiff was assisting about the rudder, it slipped and he was injured. There was evidence that the V-shaped strong arms were dangerous and that T arms should have been used. We think there was evidence of negligence, and that if the old rule of assumption of risk is now applicable under the Workmen's Compensation act to a case like this, that question also was for the jury.

The argument that Stephens is not liable because his act was one of non-feasance only for which he was responsible to his employer alone is disposed of by what we said in *O'Brier* v. *Traynor,* 69 *N. J. L.* 239, approving *Osborne* v. *Morgan,* 130 Mass. 102; 137 *Id.* 1.

The suggestion that the Workmen's Compensation act deprives the plaintiff of his right of action is unavailing in the face of the amendment of 1913 (*Pamph. L., p.* 312), which enacts that the existence of a right of compensation from the employer under the statute shall not operate as a bar to the action of the employe. It is said that the defendant is not a "third person" within the meaning of the act. We see no reason for attributing to the words "third person" any other meaning than the usual one. It must mean, as, indeed, the subsequent language of the section makes perfectly plain, a person other than the employer or employe.

The suggestion that the verdict was contrary to the evidence is idle and ought not to be made in this court, which in an appeal from a judgment in a court of law can review only errors of law, and not a verdict.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ.   12.

*For reversal*—None.