- ALLEN W. MOORE et al.

*v.*

WEST RIDGELAWN CEMETERY et al.

[Decided January 3d, 1918.]

Application to open a decree *pro confesso* entered *ex parte* may be made to a vice-chancellor under chancery rule No. 130, § 5.

On application to open decree entered *ex parte*.

*Messrs. Edwards & Smith,* for the complainants.

*Mr. Robert Carey,* for the defendants.

GRIFFIN, V. C.

The complainants' bill was taken as confessed against the defendants, with the usual order that the complainants take depositions and other evidence to substantiate and prove the allegations of the bill and to bring on the hearing of the cause *ex parte*. Upon the submission of such proofs the advisory master

advised a final decree, which was signed by the chancellor. Application is now made to a vice-chancellor to open the decrees with leave to answer.

At the threshold the complainants make the point that these decrees, having been advised by an advisory master, the application should be made to him, and the vice-chancellor is without power to hear the motion, citing rules 121, 128 and 134 of this court, which rules are as follows:

"121. When a cause shall be referred to a vice-chancellor, or advisory master, all proceedings in it to final decree shall be had before him.

"128. Application for re-hearing of causes heard by a vice-chancellor or advisory master shall be made to the vice-chancellor or advisory master who shall have heard the cause; and, if granted, the re-hearing shall be before him.

"134. All applications to amend orders or decrees shall be made to the chancellor, except where the order or decree was advised by a vice-chancellor or advisory master, in which case the application shall be made to che officer who advised the same."

Rules Nos. 120 to 129 (both inclusive) are placed under the heading "XIV.—Of Hearings Before the Vice-Chancellors and Advisory Masters." Rule No. 120 treats of applications for orders of reference and the notice thereof to be given adverse parties. Rules 122 to 129 regulate the practice before the vice-chancellors and advisory masters in litigated cases, where the cause has been referred. Considering rule 121 in connection with the rules under the above caption, it is quite apparent that it applies to litigated cases only. The same may be said of rule 128, with the additional remark that this is not an application for a rehearing.

As to rule 134, the language is unequivocal, and has reference only to applications to amend orders or decrees. This is not such an application. The present application is one to open a decree entered *ex parte,* to the end that a hearing may be had, in which situation the motion may be made to a vice-chancellor, under rule 130 (the rule of general reference), subdivision 5, which authorizes applications to be made for orders or decrees, excepting only decrees *pro confesso,* final decrees and certain orders of reference named.

Entertaining the foregoing views, I will hear the application.