[No. 34093. Department One. July 11, 1957.]

ALEX GINNIS, *Appellant,* v. O. SOUTHERLAND, *Respondent.*
FREDERICK W. REIBER, *Appellant,* v. O. SOUTHERLAND,
*Respondent.*[1]

*Myron L. Borawick* and *Wayne R. Parker,* for appellants.

*Bogle, Bogle & Gates* and *Robert V. Holland,* for respondent.

MALLERY, J.—The plaintiffs alleged they were injured while working as longshoremen in Tacoma harbor on October 9, 1955, because of the negligence of the defendant, O. Southerland, who was the master of the Grace Line, Inc., vessel, "S. S. Santa Anita." They specified the master's negligence with particularity, and it is not denied.

The defendant interposed affirmative defenses that he acted in his capacity as agent of the Grace Lines, Inc.,

[1]Reported in 313 P. (2d) 675.

which was also the employer of the plaintiffs. He further alleged that the Grace Lines, Inc., had secured payment of compensation to the plaintiffs as required by the longshoremen's and harbor workers' compensation act (33 U. S. C. A. (Sup.), § 901 *et seq.*); that it is immune from suit under the act; and that because of its immunity the plaintiffs cannot maintain their actions against its agent, the defendant.

From summary judgments of dismissal, the plaintiffs appeal. Their actions are consolidated in this court.

The appellants did not attempt to sue their employer, Grace Lines, Inc., because of the statutory immunity granted to it by 33 U. S. C. A. (Sup.), § 905. Instead, they commenced actions against their fellow servant O. Southerland, who was master of their employer's vessel, upon the theory that he is "some person other than the employer" within the contemplation of 33 U. S. C. A. (Sup.), § 933, which reads, *inter alia*:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that *some person other than the employer* is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Secretary may provide, to receive such compensation or to recover damages against such third person." (Italics ours.)

We will assume, without deciding, that appellants have common-law actions against the master. Our question then becomes: Is the master *some person other than the employer* and, therefore, excluded from the immunity his employer enjoys under 33 U. S. C. A. (Sup.), § 905?

The privity between principal and agent is expressed in the ancient maxim *qui facit per alium facit per se*. Therefore, the master's negligent act was the act of the Grace Lines, Inc., and appellants were not injured by the act of *some person other than the employer*. It follows that the appellants cannot maintain their actions against the master because he is the agent of their employer, the Grace Lines, Inc., and is included in its immunity from liability.

The appellants contend the employer's immunity does not cover the master because by its terms the act excludes him from any benefits under it, and it would be a benefit to share in the employer's immunity. They rely upon 33 U. S. C. A. (Sup.), § 903, which reads, *inter alia*:

"(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. *No compensation shall be payable in respect of the disability or death of*—

"(1) *A master* or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net; or . . ." (Italics ours.)

The provision providing for the ineligibility of the master for *compensation* under the act, was not intended and does not affect unrelated matters such as the privity of the principal and agent in their relation to the appellants and immunity from liability for injuries.

The judgments are affirmed.

HILL, C. J., FINLEY, OTT, and FOSTER, JJ., concur.

---

October 1, 1957. Petition for rehearing denied.