333 P.2d 277

Carrie L. WORTHINGTON, Widow of James Monroe Worthington, Jr., Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, and Will H. Minor et al., Respondents.

No. 6555.

Supreme Court of Arizona.

Dec. 17, 1958.

Rehearing Granted Jan. 20, 1959.

Westover, Mansfield, Westover & Copple, Yuma, and Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Phoenix, for respondent Industrial Commission; John R. Franks, Donald J. Morgan and James D. Lester, Phoenix, of counsel.

WINDES, Justice.

Little Horn Mining Company is a partnership periodically operating mining property in Yuma County. One Paul J. Lipscomb was a member of the partnership and James Monroe Worthington at times was employed by the partnership in the operation of its property when the mine was operated. It appears that on the morning of January 5, 1956, Lipscomb and Worthington made a trip to the mine in Lipscomb's car. The mine was not in operation at this time. On the return trip as a result of an automobile accident both were killed.

Carrie L. Worthington, widow of Worthington and petitioner herein, as administratrix of his estate filed a wrongful death action against the executrix of the estate of Lipscomb claiming that he was negligently operating his car and that Worthington was his guest and passenger and met his death by reason of such negligence. The Lipscomb estate answered denying liability and affirmatively defending upon the ground that at the time of his death Worthington (hereinafter designated decedent) was an employee of Lipscomb and his associates doing business as the Little Horn Mining Company, which carried workman's compensation insurance, and the accident and resultant death arose out of and in the course of his employment. The case was called for trial on January 3, 1957. The parties advised the court a

settlement had been negotiated and petition was filed by petitioner for authority to compromise the suit for the sum of $7,000. The court's authority was secured, payment made, release issued and the suit dismissed. On the same day of dismissal, petitioner filed application for death benefits with the Industrial Commission claiming that her deceased husband was an employee of Lipscomb and was injured by accident arising out of and in the course of his employment. After rehearing the application was denied.

Petitioner's claim for death benefits is founded upon the asserted fact that decedent was employed by Lipscomb as a member of a partnership doing business as the Little Horn Mining Company and the fatal accident arose out of and in the course of such employment. The wrongful death action against the personal representative of Lipscomb must be founded upon the fact that decedent was not employed by Lipscomb at the time of the accident for the reason that such an action cannot be maintained against an employer carrying workman's compensation for an accident compensable under the provisions of the workman's compensation law (with certain exceptions not applicable here). If decedent was in fact an employee of Lipscomb, the widow as personal representative had no cause of action for damages. Section 23–1022, A.R.S.; Corral v. Ocean Acc. & Guarantee Corp., Ltd., 42 Ariz. 213, 23 P.2d 934. She had one of two possible remedies: If he was an employee she must claim under the workman's compensation law; if he was not an employee she may maintain her wrongful death action. She cannot successfully do both. In effect the bringing of the wrongful death action amounts to an assertion and representation that decedent was not an employee at the time of the accident and the compromise of that action and acceptance of the $7,000 damages is necessarily based on the validity of that assertion and representation. She cannot now be allowed to say she made the recovery of $7,000 on a false basis. Russell v. 231 Lexington Ave. Corp., 266 N.Y. 391, 195 N.E. 23, 98 A.L.R. 413.

Award affirmed.

UDALL, C. J., and PHELPS and JOHNSON, JJ., concur.

STRUCKMEYER, Justice (dissenting).

The decision in this case is predicated upon an assumption that petitioner, as the surviving spouse of the decedent Worthington, had a choice of two positions: If Worthington was an employee of Lipscomb, she could only claim under the Workmen's Compensation Law; but if Worthington was not an employee of Lipscomb, she could only sue his estate for wrongful death.

The assumption does not recognize that there are instances where an employee is

allowed to sue his fellow employee and still recover on a claim under the Workmen's Compensation Law against the actual employer. Illustrations of the application of this principle to individuals and corporations are numerous, but the application to partnerships is neither well developed nor a matter of complete agreement. In at least one jurisdiction, a partner when working for a partnership is not an employer within the meaning of the Workmen's Compensation Law; so that a partner who is acting on behalf of the partnership is at the same time an employee of the partnership. The individual partner, the actual tort-feasor, is the party liable in damages for wrongfully injuring a fellow employee. Monson v. Arcand, 239 Minn. 336, 58 N.W. 2d 753.

In the action for wrongful death brought by Worthington's widow, no reference was made in the complaint to Worthington's status as an employee either of Lipscomb or of the partnership. It was alleged that Worthington was riding as a "guest and passenger" in an automobile being operated by Lipscomb at the time of the accident. I am unable to find in this allegation an assertion which is inconsistent with a claim of employment by the Little Horn Mining Company. Moreover, there is evidence that the partnership was intended to be the employer. The Little Horn Mining Company as the named policy holder paid premiums and filed payroll reports with the Industrial Commission of Arizona, and for the day on which the accident occurred, filed a payroll report which covered Worthington's services to the partnership.

I recognize that there is authority contrary to the Monson case; see for example, Reed v. Industrial Accident Commission, 10 Cal.2d 191, 73 P.2d 1212, 114 A.L.R. 720. However, a discussion of the respective merits of the two lines of authority is unnecessary. The point here is that the widow could have filed her lawsuit predicated on the legal premise that her husband was an employee of the partnership and that the relationship of Lipscomb and Worthington to each other at the time of the accident was that of fellow employees, both acting in the partnership's behalf. Based on such a legal premise, the widow, if she recovered both in an action at law against Lipscomb, the wrongdoer, and on a claim under the Workmen's Compensation Law as an employee of the Little Horn Mining Company, would not be asserting or relying on inconsistent positions.

No election is required by statute to either sue or accept the benefits of the Workmen's Compensation Law where one employee is injured by a fellow employee. To the contrary, the only election required in this state, as is true in many states, is that set forth in A.R.S. § 23–1023 to the effect that a person injured by one "not

in the same employ" must elect whether to take compensation or pursue a suit against the third-party tort-feasor. There is almost unanimity in the courts which have considered this question. Two rights exist, the common-law right against the wrongdoer and the statutory right for compensation. Merchants Mut. Cas. Co. v. Tuttle, 98 N.H. 349, 101 A.2d 262; Ellis v. Garwood, 168 Ohio St. 241, 152 N.E.2d 100; Lacaria v. Hetzel, 373 Pa. 309, 96 A.2d 132. See also 2 Larson Workmen's Compensation Law, 171, § 72.10, and cases cited. The cause of action against a fellow employee for negligent injuries existed prior to the adoption of the Workmen's Compensation Law, and it is not destroyed unless clear language calls for it as public policy and moral principle require that the actual wrongdoer be not allowed to escape the consequence of his wrong.

In the present case, if this court were to hold that the partnership was the employing entity, then it is too plain for argument that there would be nothing inconsistent in suing the tort-feasor and claiming under the Workmen's Compensation Law. However, if it is to be concluded merely from the holding in the principle opinion that the court has impliedly rejected the doctrine of Monson v. Arcand, supra, then the decision is unsound for this reason. Under the Workmen's Compensation Law of this jurisdiction where an election is required,

the act of election is a waiver of one right and the acceptance of another in lieu thereof; *but before there can be a binding election, the injured employee must know that he has a choice of two different remedies.* State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992; State ex rel. Industrial Commission v. Reese, 74 Ariz. 425, 250 P.2d 1001. Before the widow can be held to a choice by the acceptance of the benefits of the settlement, she would have to know that this choice constituted a waiver of her statutory right to benefits, and she would have to know at the time of the election that a partnership is not an employer within the purview of the Workmen's Compensation Law.

There is another compelling reason why I think the majority decision is unsound. The law of this state is expressed in the unambiguous language of A.R.S. § 23–1025. "An agreement by an employee to waive his rights to compensation * * * shall be void." In construing this statute, we have held that settlements between employers and employees are prohibited with the single exception and unless the settlement is approved by the State Industrial Commission. Doby v. Miami Trust Co., 39 Ariz. 228, 5 P.2d 187. Nor is a compromise by the heirs of a workman valid unless approved by the Commission. Doyle v. Old Dominion Co., 44 Ariz. 123, 34 P.2d 401.

The statute is founded on the grounds of public policy. The public has an interest which overrides that of the employer and employee because it bears the cost of compensation in the price of the product for the specific purpose of not having the disabled victims of industry thrown upon private charity or local relief. The state has established a scale of benefits which the employer and employee have no private right to thwart by agreeing between themselves on a disposition of a claim which may, by giving the workman less than this amount, make him a potential public burden. 2 Larson Workmen's Compensation Law, 342, § 82.41. Here the action by the Worthington widow against the Lipscomb estate resulted in a settlement and compromise. The decision of this court does that which the law has expressly forbidden. It utilizes an agreement of settlement as the vehicle by which compensation is waived, thereby permitting the Workmen's Compensation Law to be circumvented. It seems to me that the court has put the cart before the horse. Whereas the legislature has voided the agreement, thus requiring that the employee or his dependents, as the case may be, take compensation in the manner and in the amount provided by statute, this court has validated it and then denied to petitioner the rights specifically granted to her.

For these reasons I dissent.