RICHARD C. GAST, Respondent, v. PAULA CORRIERO et al., Appellants. (Action No. 1.)   VIOLA GAST, Respondent, v. PAULA CORRIERO et al., Appellants. (Action No. 2.)   VIOLA GAST, Respondent, v. JAMES CORRIERO et al., Appellants. (Action No. 3.) — Judgment unanimously affirmed, with costs.   (Appeal from judgment of Monroe Trial Term in favor of plaintiffs against both defendants in three automobile negligence actions consolidated by court order.)   Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

JOHN LASKOSKI, Appellant, v. WALDO S. DE MERS, Respondent.— Order unanimously reversed, with $25 costs and disbursements and motion denied, without costs.   Memorandum:   This case is distinguishable upon the facts from *Roberts* v. *Gagnon* (1 A D 2d 297) relied upon by respondent.   An examination of the record on appeal in the *Roberts* case discloses that the moving papers contained a statement that plaintiff had made application for benefits under the Workmen's Compensation Law and was receiving such benefits by reason of the injuries he claimed to have received in the accident.   The court at Special Term, in granting the motion to dismiss the complaint therein stated in its decision that "Plaintiff, himself, in this case invoked his remedy, under the Workmen's Compensation Law and received an award.   Implicit therein is a determination by the Workmen's Compensation Board that plaintiff received his injuries at the hands of a co-employee, and that they arose out of and in the course of their employment."   In the instant case a question of fact is presented upon this issue.   (Cf. *Carriero* v. *Iovino*, 281 App. Div. 1052.) (Appeal from order of Monroe Special Term dismissing the complaint.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.