**Jim C. McKELVY et al., Appellants,**

v.

**Forrest C. BARBER, Appellee.**

**No. 16417.**

Court of Civil Appeals of Texas.

Fort Worth.

April 19, 1963.

Rehearing Denied May 24, 1963.

John W. Herrick and Massie Tillman, Fort Worth, for appellants.

Cantey, Hanger, Gooch, Cravens & Scarborough, and J. A. Gooch, Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by Jim McKelvy against Dr. Forrest C. Barber for damages arising from alleged negligent medical treatment.

At the conclusion of the evidence defendant moved for an instructed verdict, which was granted.

Plaintiff appealed on only three points of error, namely, that the evidence raised jury issues as to whether defendant administered tetanus anti-toxin injections to plaintiff on January 12, 1959, and January 26, and whether defendant was negligent in failing to diagnose plaintiff's condition as tetanus on January 26.

Plaintiff was totally and permanently disabled at the time of trial because of the effects of tetanus. He died pending appeal and his survivors have been substituted as appellants.

Defendant's motion for instructed verdict contained fifteen specific grounds.

One of his counterpoints, raised in the motion for instructed verdict reads as follows: "The Court did not err in granting defendant's motion for peremptory instruction because the evidence in the case shows without dispute and without doubt that Dr. Barber was the agent, servant and employee of American Manufacturing Company and was the duly selected doctor for the workmen's compensation insurance carrier of American Manufacturing Company in connection with industrial accidents occurring at the American Manufacturing Company and therefore was not the personal physician of plaintiff; and since Mr. McKelvy had executed a complete release to the compensation insurance carrier of American Manufacturing company, which inured to the benefit of his employer, American Manufacturing Company, Mr. McKelvy had cut off his cause of action, if any, against Dr. Barber, since Dr. Barber was the agent of American Manufacturing Company and its insurance carrier, it being the law of the State of Texas that the injured employee has no right of action against a fellow servant or employee or against his employer or the compensation insurance carrier when he accepts the benefits of workmen's compensation and executes an outright release in connection with the receipt of such benefits, unless such action is brought against either the compensation insurance carrier or the employer on the grounds of negligence on the part of the employer and compensation carrier in connection with ordinary care in the selection of such a physician."

It is undisputed that defendant was the doctor for the American Manufacturing Company. The plaintiff himself so testified, as did defendant and a representative of said Company. The workmen's compensation carrier for the Company paid all of plaintiff's medical bills, including the defendant's bills. It is undisputed that plaintiff, represented by counsel, executed a full and final settlement with Pacific Employers Insurance Company, the carrier for American Manufacturing Company, and executed a release in full for his injury and resulting tetanus.

It is provided in Art. 8306, § 3, V.A.T.S.: "The employés of a subscriber and the parents of minor employés shall have no right of action against their employer or against any agent, servant or employé of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employés shall have no right of action against such subscribing employer or his agent, servant or employé for damages for injuries resulting in death, but such employés and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for."

In Martin v. Consolidated Casualty Ins. Co., 5 Cir., 138 F.2d 896, it was held: "It is settled law in Texas that the insurer stands in the place of the employer and may be held accountable only as the employer may be, and it is not even contended by appellants that an employer who had provided and paid compensation could be held liable in a suit for compensatory damages for his own acts or omissions or those of his servants or agents. Lindsey v. Texas & N. O. R. Co., Tex.Civ.App., 87 S.W.2d 864."

In our opinion the evidence is clear that defendant, under the record before us in this particular case, was "the agent, servant and employee" of American Manufacturing Company.

Since he elected to proceed with and settle his claim for workmen's compensation, he then had no cause of action against defendant for negligent treatment of the injury sustained in the course of his employment.

Having concluded that plaintiff had no cause of action against the defendant, we do not determine whether there was evidence of sufficient probative force to show negligence on the part of defendant in the treatment administered to plaintiff.

Judgment affirmed.