405 P.2d 814

John R. MARQUEZ, Appellant,

v.

RAPID HARVEST CO., a California corporation and Joe Macias, Appellees.*

2 CA–CIV 4.

Court of Appeals of Arizona.

Sept. 22, 1965.

Rehearing Denied Nov. 5, 1965.

Review Denied Dec. 1, 1965.

See also 1 Ariz.App. 138, 400 P.2d 345.

'Hillock & Hillock, Tucson, Malcolm L. Hillock, Tucson, of counsel, for appellant.

Spaid, Fish, Briney & Duffield, Tucson, Richard C. Briney and Richard R. Fish, Tucson, of counsel, for appellees.

HATHAWAY, Judge.

This is an appeal from a judgment in a personal injury action entered in favor of the defendant, Joe Macias. The defendant contended and the trial court held that the plaintiff's exclusive remedy was under the Workmen's Compensation Act since the defendant was a coemployee of the plaintiff.

While working for the J. W. Olberg Co. in a lettuce harvesting operation near Willcox, Arizona, the plaintiff was injured when struck by a truck driven by the defendant Macias, a coemployee. Olberg carried industrial insurance and the plaintiff applied for and received Workmen's Compensation benefits for his injuries.

The plaintiff assigned error to the trial court's holding that it did not have

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 7197. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

jurisdiction over the subject matter of the action since the defendant was a coemployee and plaintiff's exclusive remedy to recover for his injuries was under the Workmen's Compensation Act. Our Supreme Court's decision in S. H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 182 P.2d 931 (1947), has influenced the Federal Circuit Court of Appeals (9th) to conclude that Arizona is among the states in which an employee may not sue his fellow employee, when there is Workmen's Compensation coverage. Taylor v. Hubbell, 188 F.2d 106, 109 (9th Cir. 1951). At least two other appellate courts have also made this assumption. Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 73 (1946); Allman v. Hanley, 302 F.2d 559 (5th Cir. 1962).

However, in Worthington v. Industrial Commission (on rehearing) 85 Ariz. 310, 316, 338 P.2d 363 (1959), our Supreme Court indicated that whether the Workmen's Compensation Act immunizes a fellow employee from suit is an "unresolved question." This being the last pronouncement of our Supreme Court upon this subject, we are not bound by Kress and will consider the question as one of first impression in this state.

1. The Act was authorized by the following amendment to the Arizona Constitution, Article 18 § 8:

"The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in all public employment whether of the State, or any political subdivision or municipality thereof as may be defined by law and in such private employments as the Legislature may prescribe by which compensation shall be required to be paid to any such workman, in case of his injury and to his dependents, as defined by law, in case of his death, by his employer, if in the course of such employment personal injury to or death of any such workman from any accident arising out of and in the course of, such employment, is caused in whole, or in part, or is contributed to, by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof, or by

We find that Workmen's Compensation laws in other jurisdictions provide, just as does the Arizona Act, that compensation under the Act shall be the exclusive remedy of an injured employee against the employer. Some appellate courts have extended to coemployees the umbrella of immunity provided employers by statute. See White v. Ponozzo, 77 Idaho 276, 291 P.2d 843 (1955) and cases cited therein at p. 845. Common laws rights and liabilities among coemployees are thereby abolished through judicial legerdemain merging the tortfeasor employee in the employer. The acts of the employee disappear as such and remain solely the acts of the employer. Concomitantly, the employee's liability vanishes.

However, our problem requires examination and analysis of our statutory enactments in the light of the constitutional mandate of Article 18 § 6 of the Arizona State Constitution, A.R.S. which provides:

"The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."

Our Workmen's Compensation Act,[1] A.R.S. § 23–901 et seq., does not immunize an

failure of such employer, or any of his or its agents or employee or employees to exercise due care, or to comply with any law affecting such employment; provided that it shall be optional with any employee engaged in any such private employment to settle for such compensation, or to retain the right to sue said employer as provided by this Constitution; and, provided further, in order to assure and make certain a just and humane compensation law in the State of Arizona, for the relief and protection of such workmen, their widows, children or dependents, as defined by law, from the burdensome, expensive and litigious remedies for injuries to or death of such workmen, now existing in the State of Arizona, and producing uncertain and unequal compensation therefor, such employee, engaged in such private employment, may exercise the option to settle for compensation by failing to reject the provisions of

employee from suit by fellow employees, unless such immunity is contained in §§ 23–1022 and/or 23–1023, which provide: .

"§ 23–1022. Compensation as exclusive remedy; exceptions

"A. The right to recover compensation pursuant to the provisions of this chapter for injuries sustained by an employee shall be the exclusive remedy against the employer, except as provided by §§ 23–906 and 23–964, and except where the injury is caused by the employer's wilful misconduct and the act causing the injury is the personal act of the employer himself, or if the employer is a partnership, on the part of one of the partners, or if a corporation, on the part of an elective officer thereof, and the act indicates a wilful disregard of the life, limb or bodily safety of employees, in which event the injured employee may, at his option, either claim compensation or maintain an action at law for damages.

"B. The term 'wilful misconduct' as employed in this section shall be construed to mean an act done knowingly and purposely with the direct object of injuring another."

"§ 23–1023. Liability of third person to injured employee; election of remedies

"A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, shall elect whether to take compensation under this chapter or to pursue his remedy against such other person.

"B. If the election is to take compensation, the claim against such other person shall be assigned to the state for the benefit of the compensation fund, or to the person liable for the payment thereof. Such a claim assigned to the state may be prosecuted or compromised by the commission.

"C. If the election is to proceed against such other person, the compensation fund or person shall contribute only the deficiency between the amount actually collected and the compensation provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation provided for shall be made only with written approval of the commission, or of the person liable to pay the claim."

Other than as contained above, there is no statutory provision for an election between compensation and common law remedies, nor any provisions for subrogation. Justice Struckmeyer, in his dissenting opinion in the first Worthington case noted:

"No election is required by statute to either sue or accept the benefits of the Workmen's Compensation Law where one employee is injured by a fellow employee." Worthington v. Industrial Commission, 85 Ariz. 104, 107, 333 P.2d 277, 279 (1958).

We are cognizant of the fact that if such a cause of action remains, the employee may very well obtain workmen's compensation and in addition recover in litigation against a fellow employee, as generally there is no subrogation unless provided by statute. Larson, The Law of Workmen's Compensation, § 71.30 (the rule criticized). Our Supreme Court has said:

" * * * in absence of legislation there can be no subrogation of the

such Workmen's Compensation Law prior to the injury.

"The percentages and amounts of compensation provided in House Bill No. 227 enacted by the Seventh Legislature of the State of Arizona, shall never be re-

duced nor any industry included within the provision of said House Bill No. 227 eliminated except by initiated or referred measure as provided by this Constitution. As amended, election Sept. 29, 1925, eff. Nov. 2, 1925."

employee's rights against a third party." State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 419, 250 P.2d 992, 996 (1952).

■■ Our interpretation of the subject Act cannot be distorted by considerations of the possibility of increased litigation. This is a legislative problem and is immaterial to the question before us. The language of the Workmen's Compensation Act is plain—it deals with liability to injured employees in connection with (a) an employer or (b) third person, "not in the same employ." It is a cardinal principle that courts must observe the obvious import of the language used in a statute where such is plain and does not lead to an impossibility, and the plain meaning may not be extended though the result may be harsh. Ernst v. Collins, 81 Ariz. 178, 182, 302 P.2d 941 (1956). We must read the Act in the light of the Constitution and adopt the construction which harmonizes with constitutional provisions. Roberts v. Spray, 71 Ariz. 60, 70, 223 P.2d 808 (1950); Goodyear Aircraft Corp. v. Industrial Commission, 62 Ariz. 398, 407, 158 P.2d 511 (1945).

■ Protection of the rights of individuals is the bedrock of our nation and we cannot judicially emasculate from the Constitution common law rights preserved therein. It is our absolute duty to protect constitutional rights. Bristor v. Cheatham, 75 Ariz. 227, 234, 255 P.2d 173 (1953). In recognition of this duty, we are convinced that the constitutional mandate of Article 18 § 6, supra, preserving common law rights and correlative duties in tort can be altered only through clear and unambiguous expression in the Constitution and implementing legislative enactments. Brady v. Roosevelt Steamship Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471 (1943); Marion v. United States, D.C., 214 F.Supp. 320, 323 (1963).

This principle was aptly stated in Allman v. Hanley, supra. In holding that the Federal Employees' Compensation Act did not abrogate the common law right of an employee to sue a coemployee, the Fifth Circuit Court of Appeals quoted from Robert C. Herd & Co. v. Krawill Machinery Corp., 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959), which quoted Brady v. Roosevelt Steamship Co., supra, as follows:

"'We can only conclude that if Congress had intended to make such an inroad on the rights of claimants * * it would have said so in unambiguous terms' and 'in the absence of a clear Congressional policy to that end, we cannot go so far.'" 302 F.2d at p. 564.

The same view is expressed in Gee v. Horvath, 169 Ohio.St. 14, 157 N.E.2d 354 (1959):

"If the protection of the present workmen's compensation law of this state is to be expanded to include fellow employees as well as employers, this is a question of legislative policy to be determined by the General Assembly or by constitutional amendment." 157 N.E.2d at p. 357.

■ Application of the rule "inclusio unius est exclusio alterius" to the Act's conspicuous silence regarding coemployees hints at legislative recognition of the constitutional limitation. In fact they seem to be strangers to the Act. There is no mention of rights, duties or procedures relating to coemployees, nor is there any provision for their contribution to the fund, thereby entitling them to insurance against liability under the Act. The benefits of the Compensation Act accrue to those who undertake its burdens. Schumacher v. Leslie, 360 Mo. 1238, 232 S.W.2d 913, 918 (1950). The defendant Macias assumed no burdens and is entitled to no benefits. There is no specific extension of gratuitous protection to coemployees for their own misconduct. Tawney v. Kirkhart, 130 W.Va. 550, 44 S.E.2d 634, 641 (1947). In the absence of a clear expression to the contrary, public policy favors the retention of tort common law rights and duties of fellow employees as a deterrent to careless or negligent conduct. Tawney v. Kirkhart, supra.

In this mechanized era of unique dangers, due consideration for the safety of others

in the same employ should not be allowed to be cast aside, but rather should be fostered and encouraged. Lord Chancellor Loreburn in Lees v. Dunkerly Bros. (H.L.), 103 L.L.R. 467, deplored the advocacy of a contrary doctrine:

"I can hardly imagine a more dangerous or mischievous principle than that which it is sought to set up here * * It is a very difficult proposition to say that a man is not to be responsible for his own negligence. * * * Everyone must have an interest in maintaining the law in a sense hostile to such a proposition, and I should think that, of all classes in the community, workmen who work together in many dangerous employments, have the greatest interest of all in preventing the doctrine which has been put forward very carefully and reasonably from being accepted."

In Judson v. Fielding, 227 App.Div. 430, 237 N.Y.S. 348, aff'd 253 N.Y. 596, 171 N.E. 798 (1929), the New York court, construing an election statute similar to ours, held that their Workmen's Compensation Act did not grant immunity to fellow employees,[2] stating:

"It is the words, 'not in the same employ,' upon which this defendant relies in asserting that no action can be brought against a coemployee. The right of action to recover damages for injuries resulting in death is secured by the Constitution (article 1, § 18). The amendment providing that the Legislature might enact laws for compensation for injuries to employees or for their death resulting from injuries without regard to fault as a cause thereof (article 1, § 19), by its terms, permitted the Legislature to furnish a remedy through compensation exclusive of all other rights and remedies in such cases. It is ancient law that the servant is liable in damages for his own tortious acts, even though at the time he was engaged in the work of his employer. Murray v. Usher, 117 N.Y. 542, 547, 23 N.E. 564. We find no intent or purpose in the statute to absolve any but the employer from liability in a civil action for damages caused by his own wrong. Rights long existing should not be taken away except by a statute where the purpose to do so is clear. The employer has not been sued, and the coemployee should be held liable unless the right to maintain an action against him is forbidden by positive statute. To hold that a fellow servant should under no circumstances be liable to another for damages resulting from a negligent or willful act occurring in the course of their common employment would be fraught with highly dangerous consequences and would remove in a large measure the restraint of personal responsibility of the employee for his acts. We think that the most rational interpretation of the statute is to hold that the Legislature did not intend to require an election of remedies in the case of coemployees." 237 N.Y.S. at p. 354.

As in the Judson case, supra, the defendant Macias relies on the words in our statute "another not in the same employ" as establishing that no action can be brought against a coemployee. The language is simply descriptive of the class of third persons dealt with in the statute and identifies such third person as another not a coemployee, or "not in the same employ." To expand the plain meaning of this language to imply that no action can be brought against a coemployee is unwarranted.

While it is not our intention to advocate a policy encouraging litigation between coemployees, the constitutional mandate of Article 18 § 6, supra, requires that we hold

---

2. It is interesting to note that within five years after the Judson decision, the N. Y. Legislature modified its laws so as to extend immunity to coemployees. (Laws of N. Y. of 1934, Chapter 695).

that the Workmen's Compensation Act does not grant immunity from suit to fellow employees.

In view of our holding as to the jurisdictional question, it is unnecessary to consider the other assignments of error. The cause is reversed and remanded for further proceedings not inconsistent with this opinion.

KRUCKER, C. J., concurs.

MOLLOY, Judge (dissenting):

Having little fault to find with the logic employed by my colleagues, and in turn using the doctrine of *expressio unius est exclusio alterius* to arrive at a result, I come to a diametrically opposed conclusion from that above expressed.

The crux of the problem, as I see it, is whether the Workmen's Compensation Law of this state was intended to be a comprehensive act regulating the broad problem of compensation for injuries received by workmen in the course of employment. I believe that it was, for the reasons that I will hereafter delineate, and, if it was, then by providing that an injured employee can bring a negligence action against " * * * another not in the same employ * * *" (A.R.S. § 23–1023), there is a necessary implication, paraphrased in Latin above, that he can *not* sue one who *is* in the same employ.

The majority opinion quotes A.R.S. §§ 23–1022 (the "exclusive remedy" section), and 23–1023 (the "election" section). There is one other section which sheds some light upon the meaning of this Act as to the problem at hand and that is A.R.S. § 23–1024 which reads as follows:

"§ 23–1024. Choice of remedy as waiver of alternate remedy

"A. An employee, or his legal representative in event death results, who makes application for an award, or with the consent of the commission accepts compensation from an employer, waives the right to exercise any option to institute proceedings in court.

"B. An employee, or his legal representative in event death results, who exercises any option to institute proceedings in court waives any right to an award or direct payment of compensation from his employer."

These provisions tend to indicate the comprehensive nature of this Act and the intent that there be but one recovery for each injury incurred during the course of employment. The very fact that the problem of third party suits is dealt with at all (A.R.S. § 23–1023) is some indication that the problem of industrial injury was being looked at with a panoramic lens.

S. H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 70, 182 P.2d 931, 933 (1947), gives affirmative answer to the following question:

"Was it intended to invest in one tribunal, subject to the right of appeal, the right to hear and the power to dispose of every phase and branch of a a controversy involving a claim for injuries sustained by a workman in the course of compensable employment?"

The majority opinion places great reliance upon Art. 18 § 6 of our Constitution, which safeguards the common law rights of action to recover damages for injuries.

It must be remembered that to the extent Art. 18 § 6 conflicts with Art. 18 § 8, the latter must prevail as a subsequent enactment. Pressley v. Industrial Commission, 73 Ariz. 22, 30, 236 P.2d 1011 (1951) (Second Pressley decision).

Art. 18 § 8 was adopted by a vote of the electorate in 1925. In the official publicity circulated by the Secretary of State in connection with this proposed amendment both the constitutional amendment and the Workmen's Compensation Act adopted by the legislature was set forth *in haec verba*. The reason for this was that the legislature had adopted the new Workmen's Compensation Act contingent upon there being

a constitutional amendment to make it valid. The original Workmen's Compensation Act of 1921 had been stricken down by our Supreme Court as unconstitutional in Industrial Commission v. Crisman, 22 Ariz. 579, 199 P. 390 (1921). The argument published in favor of the adoption of the constitutional amendment clearly indicated that the amendment was for the specific purpose of validating this Act.[1]

That the amendment and the Act are to be construed together was determined in Red Rover Copper Co. v. Industrial Commission, 58 Ariz. 203, 211, 118 P.2d 1102, 137 A.L.R. 740 (1941).

And it must be remembered as we approach the problem at hand that the most important rule of all in interpreting either statutes or constitution is that we are attempting to ascertain the real intent of the legislature, or, in the case of a constitutional amendment, the real intent of the electorate. The following quotations are pertinent:

> "It is the general rule that, because constitutions are for the purpose of laying down broad general principles, and not the expression of minute details of law, their terms are to be construed liberally, for the purpose of giving effect to the general meaning and spirit of the instrument, rather than as limited by technical rules of grammar." State ex rel. La Prade v. Cox, 43 Ariz. 174, 177–178, 30 P.2d 825, 826 (1934).

> "All rules for the interpretation of statutes have for their sole objective the discovery of legislative intent." City of Mesa v. Killingsworth, 96 Ariz. 290, 295, 394 P.2d 410, 413 (1964).

A key word in both the constitutional amendment and the Workmen's Compensation Act is the word "employer." In its most common sense, of course, the word excludes employees. However, in a broader sense it also includes those through whom an employer acts—*qui facit per alium facit per se*. Were it not for the words "* * negligence or wrong of another not in the same employ, * * *" as contained in A.R.S. § 23–1023, going to this broader meaning would perhaps not be justified. But in order to give these words a reasonable meaning, it seems proper to go to the broader meaning of the word "employer" in other sections of the Act granting immunity.

The statutes of Oregon are almost identical with those of Arizona insofar as the problem at hand is concerned. In Kowcun v. Bybee, 182 Or. 271, 186 P.2d 790 (1947), the Oregon Supreme Court held that the statute protected coemployees from suit. The following quotations are helpful in understanding the decision:

> "We come now to the problem as to whether the defendant, who was a workman, not an employer, may shield himself from liability for his alleged tort by invoking the Workmen's Compensation Law. Section 102–1752, (comparable to our A.R.S. §§ 23–1022 and 23–1023) in words which we have already quoted, says that compensation paid to an injured workman, whose employer subscribed to the act, is 'in lieu of all claims against his employer on account of such injury * * *.'" 186 P.2d 794, 795.

---

1. Page 8 of the argument presented by the Arizona State Federation of Labor and the Arizona State Joint Legislative Board of Transportation Brotherhoods reads, in part:
   "A new Compensation Act is necessary. A Constitutional Amendment, which will legalize the desired compensation act, is also necessary. The Legislature has passed both. The Compensation Act will become effective upon adoption of the Constitutional Amendment by the people. It is safe to change the Constitution because the Compensation Act which will put the Constitutional change into effect has already been passed. The Constitutional Amendment refers to and protects the Compensation Act. All of the cards are on the table. There is nothing to guess about. There is nothing to fear from the next Legislature."

"The act contains no provision composed of words of like specific character discharging from liability a fellow workman whose negligence may have been the cause of the injury. Before the act was adopted the fellow servant rule rendered an employer nonliable for an injury inflicted upon an employee through the negligence of a fellow employee, but every employee was liable to his fellow workmen for his own misfeasance. Section .102–1752 also says: 'If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, * * * may elect to seek a remedy against such third person;

* * *.' " 186 P.2d at 795.

"It seems evident that by adding the phrase, 'not in the same employ' after the term, 'a third person,' our legislature sought to avoid the effect of the Pennsylvania and the Wisconsin decisions." 186 P.2d at 799.

"An injured workman cannot have both an award of compensation and an action for damages against a purported tort-feasor except in the specific instances mentioned in the act. * * * In the case at bar, the plaintiff cannot bring herself within the clause we have been construing because it is applicable only 'to the negligence or wrong of a third person not in the same employ.' " 186 P.2d at 801.

In Moseley v. Lily Ice Cream Co., 38 Ariz. 417, 300 P. 958 (1931), our court noted that our election statute (A.R.S. § 23–1024) is most similar to the laws of New York, Oregon and Oklahoma. In Industrial Commission v. Frohmiller, 60 Ariz. 464, 140 P. 2d 219 (1943), it was indicated that our Industrial Commission Act was adopted from the State of Utah. Three of these four states have construed their workmen's compensation acts so as to grant immunity to fellow employees. We have just looked at the situation in Oregon. In Utah, Koch v. Telluride Power Co., 116 Utah 237, 209 P.2d 241 (1949), interpreted the provisions of Revised Statutes of Utah 1933 § 42–1–58 which were practically word for word the same as A.R.S. §§ 23–1022 and 23–1023, with the exception that the election to sue was granted when the injury was caused " * * * by the wrongful act of a third person." [2]

Oklahoma has come to the conclusion that its laws grant coemployees immunity. Thompson v. Kiester, 141 Okl. 69, 283 P. 1018 (1930).

Only New York, of the states having the most comparable law, has gone the other way. This was in Judson v. Fielding, 227 App.Div. 430, 237 N.Y.S. 348 (1929). The majority opinion notes that the New York legislature modified its laws after the decision so as to give immunity to coemployees (Laws of New York of 1934, Ch. 695). In this connection, case law in six jurisdictions denying immunity to coemployees has been nullified by subsequent legislation.[3]

2. After the events giving rise to the Koch decision, Utah law was amended so as to spell out particularly that coemployees are exempt from liability. Utah Laws 1949, Ch. 52. These amended laws are quoted in appellant's brief in an attempt to distinguish the Koch decision.

3. California, Saala v. McFarland, Cal.App., 41 Cal.Rptr. 530 (1964) gives effect to the 1959 statutory amendment which abrogates the rule of Thompson v. Lacey, 42 Cal.2d 443, 267 P.2d 1 (1954); Michigan, Sergeant v. Kennedy, 352 Mich. 494, 90 N.W.2d 447 (1958), which gives effect to the 1952 statutory amendment which

changes the rule of Webster v. Stewart, 210 Mich. 13, 177 N.W. 230 (1920); New Jersey, Konitch v. Hartung, 81 N.J.Super. 376, 195 A.2d 649 (1963), giving effect to a 1961 statute which changes the rule of Churchill v. Stephens, 88 N.J.Eq. 528, 102 A. 657 (1917); New York, Rauch v. Jones, 4 N.Y.2d 592, 176 N.Y.S.2d 628, 152 N.E.2d 63 (1958) which spells out the situation in New York since the 1934 amendment; Ohio, Baldwin's Ohio Revised Code § 4123.741, effective Oct. 1, 1963, which nullifies the rule of Ellis v. Garwood, 168 Ohio St. 241, 152 N.E. 2d 100 (1958); and West Virginia Laws

Contrariwise, as far as this court knows, no legislation· has been passed negating the effect of case law granting immunity to co-employees. Unfortunately, if ·the majority opinion stands, it will not be possible to correct the situation by legislative action alone, in view of the fact that the majority opinion is tied to a constitutional basis (Art. 18 § 6).

In this latter connection, most state constitutions have provisions safeguarding common law rights of action.[4] As far as is known to this court, no court has ever held that the granting of immunity to *employees* was unconstitutional under any of these provisions when immunity to *employers* was granted by an act otherwise constitutional. In the Constitution of Kentucky, § 54, there is a provision very similar to our Art. 18 § 6.[5] In Miller v. Scott, 339 S.W.2d 941 (1960), the Supreme Court of Kentucky in holding for immunity of coemployees said:

> "However, no specific provision of this or any other act relieves or limits the common law liability of a fellow employee whose negligence has produced an injury.

> "We have held that the intention to abrogate the common law is not presumed and that the intention to repeal it by statute must be clearly apparent. (citation) There is no specific provision to relieve or limit this liability and the appellant forcefully argues that this Court's construction of the act precludes any abrogation of his common law right against his fellow employee.

> \* \* \* \* \* \*

> "The act provides for actions at law in only three classes of accidents. KRS

342.015(2) provides for an action at law when an employee is injured through the deliberate intention of the employer. KRS 342.170 provides for like action in some accidents where minors are injured. KRS 342.055 deals with accidents caused by third parties and for which they are legally liable. The latter section reads as follows: 'Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in *some other person than the employer* a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both.' (Emphasis added.)

> "The legislature having specifically provided for actions at law in these three types of industrial accidents without mention of any other accident covered by KRS 342.015(1), we have concluded that remedies at law were not intended for any industrial accident other than those enumerated."

In holding that an employee is not "\* \* some other person than the employer \* \*," Miller v. Scott, supra, is in the minority. Larson Workmen's Compensation Law § 72.00. However, Judson v. Fielding, holding that the granting of the right to sue a tort-feasor "\* \* \* not in the same employ" does not impliedly inhibit suits against one in the same employ, stands alone against very reputable authority.

---

of 1949, Ch. 23, West Virginia Code § 2516(1) (6a) (1961), nullifying Tawney v. Kirkhart, · 130 W.Va. 550, 44 S.E. 2d 634 (1947).

4. Among the states having such constitutional guarantees which have granted immunity to coemployees: Colorado Constitution, Art. 2 § 6; Constitution of the Commonwealth of Kentucky, §§ 14, 54; Massachusetts Constitution, Part The First Article XI; North Carolina Consti-

tution, Art. 1 § 35; Ohio Constitution Art. 1 §§ 16 and 19a; Oklahoma Constitution, Art. 2 § 6; Oregon Constitution, Art. 1 § 10; South Carolina Constitution, Art. 1 § 15.

5. Kentucky Constitution § 54:
   "The General Assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property."

Kowcum v. Bybee, supra; White v. Ponozzo, 77 Idaho 276, 291 P.2d 843 (1955); Sergeant v. Kennedy, 352 Mich. 494, 90 N.W.2d 447 (1958).

Sergeant v. Kennedy, supra, contains interesting language:

"In saying so we are not so brave as to suggest that legislation cannot occasionally be foolish and wrong-headed; or that this amendment is a model of draftsmanship; and we further suspect that for one to look for logic in all legislation may be as wistfully optimistic as it is vain.

\*   \*   \*   \*   \*   \*

"We also wonder why the legislature would have needed to single out and mention those in the 'same employ' at all if it was going to leave things precisely as they were before? Since they were singled out and mentioned is it not more logical to assume that the legislature intended some significance to attach thereto and instead meant what it rather plainly if clumsily seemed to be saying by the quoted portion of the amendment: (a) That henceforth in these situations tort-feasor co-employees can no longer be civilly sued, \* \* \*."

Reputable authority holds coemployees to be exempt, without any provision similar to our "\* \* \* another not in the same employ," on the sole basis that the legislature used the word "employer" in its broad sense when granting immunity. Caira v. Caira, 296 Mass. 448, 6 N.E.2d 431 (1937); O'Brien v. Rautenbush, 10 Ill.2d 167, 139 N.E.2d 222 (1957); Majors v. Moneymaker, 196 Tenn. 698, 270 S.W.2d 328 (1954); Peet v. Mills, 76 Wash. 437, 136 P. 685, L.R.A.1916A, 358 (1913); Ginnis v. Southerland, 50 Wash.2d 557, 313 P.2d 675 (1957)—pertaining to Longshoremen's and Harbor Workers' Compensation Act.

Both the Majors decision (270 S.W.2d at p. 331) and the O'Brien decision (139 N.E. 2d at p. 226) comment in rather strong language of the extent of possibilities of litigation between coemployees. The O'Brien language is as follows:

"In view of the fact that a considerable portion of industrial injuries can be traced to the negligence of a coworker, such litigation could reach staggering proportions, and would not only tend to encourage corrupt and fraudulent practices but would also disrupt the harmonious relations which exist between coworkers. The avoidance of such results is most certainly beneficial to the employee."

While the foregoing language, in the opinion of this writer, overstates the deleterious results of the opposite holding, the combined judgment and experience of the justices of the highest court of Illinois who adopted this language commands consideration.

The writer does believe that it will be a rare industrial accident of any consequence which will not lay the grounds for a lawsuit if the majority opinion remains the law. Almost every accident can be blamed upon the failure of management to take some precaution. Presidents of companies, members of the boards of directors, managers and foremen are readily available targets. An interesting variation of this is illustrated by Hagen v. Koerner. 64 N.J. Super. 580, 166 A.2d 784 (1960). New Jersey, before the amendment to its laws in 1961, was a state immunizing only the employer from suit. Hagen holds, on what seems to be excellent authority, that the employee, who has been sued by his fellow employee, may claim over against the employer, if the defendant employee's act upon which liability is predicated was performed in response to specific instructions from the employer. Thus, if the majority opinion prevails, not only will employees be targets in litigation arising out of industrial accidents, but employers as well. One can detect a wistful note in the following quotation from Hagen, at p. 788 of 166 A.2d:

"In many states the immunity is extended not only to the employer, but

also to fellow employees. In those states, the problem involved herein could not arise."

Larson, in his Treatise § 72.10, indicates that the majority of states grant immunity from common-law actions only to employers. The research of the writer indicates that if there is such majority, it is a nose-finish one. At least 24 states, including a substantial majority of western states, appear to grant immunity to coemployees as of the writing of this dissenting opinion.[6]

The majority opinion cites case law which expresses a sense of moral indignation that coemployees should be exempt from responsibility for their wrongdoing. Larson copes with this argument in the following language, § 72.20:

"It is perfectly possible, within the bounds of compensation theory, to make out a case justifying this legislative extension of immunity to the co-employee. The reason for the employer's immunity is the *quid pro quo* by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his rights to common-law verdicts. This reasoning can be extended to the tort feasor co-employee; he too is involved in this compromise of rights. Perhaps one of the things he is entitled to expect in return for what he has given up is freedom from common-law suits based on industrial accidents in which he is at fault. The sense of moral indignation expressed by some courts at the thought of relieving the co-employee of the normal consequences of his wrongdoing will bear some closer examination. It must never be forgotten that the co-employee, by engaging in industrial work over a period of years, is subject to a greatly increased risk not only of being himself injured, but also of himself negligently causing injury. In other words, by becoming employed in industry, particularly in hazardous industry, the worker enormously multiplies the probability of not

6. California, Saala v. McFarland, Cal.App., 41 Cal.Rptr. 530 (1964), by virtue of 1959 statutory amendment which changed the rule of Thompson v. Lacey, 42 Cal.2d 443, 267 P.2d 1 (1954); Colorado, Hartford Accident & Indemnity v. Clifton, 117 Colo. 547, 190 P.2d 909 (1948); Delaware, D.C.A. § 19–2363; Hawaii, Rev.Laws of Hawaii § 97–10 (1960); Idaho, White v. Ponozzo, 77 Idaho 276, 291 P.2d 843 (1955); Illinois, O'Brien v. Rautenbush, 10 Ill.2d 167, 139 N.E.2d 222 (1957); Indiana, Burns' Indiana Statutes § 40–1213 (1963); Kentucky, Miller v. Scott, 339 S.W.2d 941 (1960); Massachusetts, Caira v. Caira, 296 Mass. 448, 6 N.E.2d 431 (1937); Michigan, Sergeant v. Kennedy, 352 Mich. 494, 90 N.W.2d 447 (1958), by virtue of a 1952 statutory amendment which changed the rule of Webster v. Stewart, 210 Mich. 13, 177 N.W. 230 (1920); Nevada, N.R.S. § 616.-560 (1963); New Jersey, Konitch v. Hartung, 81 N.J.Super. 376, 195 A.2d 649 (1963), by virtue of a 1961 statute which changed the rule of Churchill v. Stephens, 88 N.J.Eq. 528, 102 A. 657 (1917); New York, Rauch v. Jones, 4 N.Y.2d 592, 176 N.Y.S.2d 628, 152 N.E. 2d 63 (1958); North Carolina, Warner v. Leder, 234 N.C. 727, 69 S.E.2d 6 (1952), overruling Tscheiller v. Nat'l Weaving Co., 214 N.C. 449, 199 S.E. 623 (1938); North Dakota, N.D.Cent. Code § 65–01–08 (1951); Ohio, Landrum v. Middaugh, 117 Ohio St. 608, 160 N.E. 691 (1927), overruled in Ellis v. Garwood, 168 Ohio St. 241, 152 N.E.2d 100 (Ohio 1958), but the rule of Landrum restored by act effective 10/1/63 § 4123.741, Baldwin's Ohio Rev.Code; Oklahoma, Thompson v. Kiester, 141 Okl. 69, 283 P. 1018 (1930); Oregon, Kowcun v. Bybee, 182 Or. 271, 186 P.2d 790 (1947); South Carolina, Nolan v. Daley, 222 S.C. 407, 73 S.E.2d 449 (1952); Texas, McKelvy v. Barber, Tex.Civ.App., 368 S.W.2d 38 (1963); Utah, Koch v. Telluride Power Co., 116 Utah 237, 209 P.2d 241 (1949); Virginia, Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 73 (1946); Washington, Peet v. Mills, 76 Wash. 437, 136 P. 685 (1913); West Virginia, Hinkelman v. Wheeling Steel Corp., 114 W.Va. 269, 171 S.E. 538 (1933), overruled in Tawney v. Kirkhart, 130 W.Va. 550, 44 S.E.2d 634 (1947), but the rule of Hinkelman restored by Laws of 1949, Ch. 23, W.Va. Code § 2516(1) (6a) (1961).

only injury to himself but liability on himself. And, if whenever his own negligence caused injury he might be liable to pay thousands of dollars in damages, the beneficent effects of workmen's compensation might be off-set by the potential liabilities which confront the worker, particularly in activities where the risk of injury is great."

Finally, the writer believes that this court should take judicial notice that the Workmen's Compensation Act of 1925 was the result of bargaining between large industry and labor unions. That there was agreement is evidenced by the fact that the only argument published, either for or against the constitutional amendment which mandated the Act, was a favorable argument submitted by "John C. Provost, W. E. Jones, Arizona State Federation of Labor and Arizona State Joint Legislative Board of Transportation Brotherhoods." The court believes these opposing factions involved were thinking in broad general terms, and that it was well-known to both that large corporations could only act through officers, agents and employees. Under the particular wording of our statute, when read together with the constitutional amendment, it is difficult to believe it was intended by the Act to exempt employers, and yet to leave those through whom they acted liable in damages for industrial accidents.

The writer believes we should follow the decisions from the majority of our sister states in the west which have construed similar acts to grant immunity to coemployees and that we should not follow the Judson v. Fielding decision of New York, which was abrogated soon after its promulgation by the New York legislature.

S. H. Kress & Co. v. Superior Court of Maricopa County, supra, and Taylor v. Hubbell, 188 F.2d 106 (9th Cir. 1955), have, rightfully or wrongfully, been accepted as the law of this state for some time. It is felt by the writer that the pronouncements of these cases should be reaffirmed, as being expressions of the true intent of the Workmen's Compensation Act of this state and the constitutional amendment authorizing it.

Very briefly, the other two assignments of error will be touched upon, as they were omitted in the majority opinion. The writer believes that the procedure of the trial to the court rather than to a jury is required by State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992 (1952) (Third Pressley decision). This case quotes (at p. 417, 250 P.2d at p. 995) from Taylor v. Hubbell as follows:

> " 'It is axiomatic that "Every court of general jurisdiction has power to determine whether the conditions essential to its exercise exist." Texas & Pacific Ry. Co. v. Gulf C. & S. F. R. Co., 1926, 270 U.S. 266, 274, 46 S.Ct. 263, 265, 70 L.Ed. 578; see State of Rhode Island v. Com. of Massachusetts, 1838, 12 Pet. 657, 37 U.S. 657, 718–720, 9 L.Ed. 1233. Here the district court had jurisdiction of the subject matter only if plaintiff and Sanderson & Porter were "not in the same employ" and if plaintiff had not made an election under the statute to take compensation. S. H. Kress & Co v. Superior Court, supra, 66 Ariz. 67, 182 P.2d 931. Being jurisdictional, these issues were triable to the court, not the jury.' "

This decision may be minority law [7] but it is the law laid down by our highest judicial body.

---

7. Recent cases in this area holding the issue of whether there is an employer-employee relationship to be a jury question are: McNaughton v. New York Central Railroad Company, 220 F.2d 835 (7th Cir. 1955) (interpreting Indiana Act); Jeffrey Manufacturing Company v. Hannah, 268 Ala. 262, 105 So.2d 672 (1958); Gigliotti v. United Illuminating Company, 151 Conn. 114, 193 A.2d 718 (1963); De Martin v. New York, New Haven and Hartford R. R. Co., 336 Mass. 261, 143

**574**

The third assignment relates to whether there was sufficient evidence to find the plaintiff and defendant herein are coemployees. The test of whether there is a master-servant relationship is whether there is control or the right to control the manner of accomplishing the particular job. Sobel v. Jones, 96 Ariz. 297, 394 P.2d 415 (1964). When machinery is rented with a driver, particularly if the machinery is of considerable value, there is an indication that the driver remains a servant of the lessor of the equipment. Restatement (Second), Agency § 27. However, such an indication is not conclusive. Lee Moor Contracting Co. v. Blanton, 49 Ariz. 130, 65 P.2d 35 (1937).

The evidence presented to the trial court on this question was in conflict. Amongst the testimony which the trial court might have believed which would support the decision rendered below are: the driver was on the payroll of Olberg; he was working directly under Olberg's foreman; the truck was not rented with a driver, but rather Macias sought and received employment by personal application to Olberg's foreman on arrival in the Willcox area; harvesting equipment of this type is often owned by the grower and used in his business as such; Olberg's foreman had the authority to hire and fire all truck drivers on the job; and Olberg's foreman directed the details of the manner of the work being done by Macias and the Rapid Harvest trucks.

The conflicts in the evidence were resolved by the trial court and this appellate court is bound thereby. Hulsey v. La Mance, 73 Ariz. 430, 242 P.2d 554 (1952).

For the reasons stated, the writer believes the judgment of the trial court should be affirmed.

N.E.2d 542 (1957); Clark v. Luther Mc-Gill, Inc., 240 Miss. 509, 127 So.2d 858 (1961); Walton v. United States Steel Corporation, 362 S.W.2d 617 (Mo.1962); Laskoski v. De Mers, 10 A.D.2d 896, 199 N.Y.S.2d 717 (1960); Page v. Hardy, 334

P.2d 782 (Okl.1959); Dolese Bros. v. Tollett, 162 Okl. 158, 19 P.2d 570 (1933); Western Hills Hotel, Inc. v. Ferracci, Tex. Civ.App., 299 S.W.2d 335 (1957). Contra: Bridges v. Wyandotte Worsted Company, 243 S.C. 1, 132 S.E.2d 18 (1963).